May Term,
1853.

HUNT
v.
ADAMSON.

HUNT v. ADAMSON.

The assignee of a joint promissory note who had sued the makers, might, under the R. S. 1843, upon the service of the summons upon one and a return of "not found" as to the other, suggest such return, obtain a judgment against the maker served, and afterward sue the other maker upon the note.

Thursday,
May 26.

APPEAL from the *Randolph* Circuit Court.

DAVISON, J.—Debt by the appellee against the appellant.

The declaration alleges, *inter alia*, that on the 2d of *February*, 1836, the said *Basil Hunt* and one *Miles Hunt*, executed their joint promissory note to *Griffin* and *Luckey* for 315 dollars and 25 cents; that after the note became due, viz., on the 10th of *September*, 1840, at a regular term of the *Randolph* Circuit Court, *Griffin* and *Luckey* recovered a judgment on said note against *Miles Hunt*, for the amount of the note and interest then due; that before the term at which said judgment was rendered, *Griffin* and *Luckey* had sued out a writ against *Miles Hunt* and the said *Basil Hunt*, which was, by the sheriff of, &c., returned executed on *Miles Hunt*, and not found as to *Basil Hunt*; which return was, prior to the taking of said judgment, entered upon the records of said Court; that on the 9th of *January*, 1847, *Griffin* and *Luckey* assigned the note to the said *Adamson*; and the note is still unpaid, &c.

Demurrer to the declaration overruled. Judgment for the plaintiff below.

The appellant contends that the note, as to him, was extinguished by the judgment against *Miles Hunt*.

At common law, where two persons are jointly liable for a simple contract debt, a judgment against one is an extinguishment of the debt as to the other.

There is, however, a statutory provision which enacts that "when any writ shall be returned 'executed' as to one or more defendants, and 'not found' as to others, the plaintiff may suggest such return upon the record, and proceed to final judgment and execution against the de-

fendants upon whom the writ has been 'executed,' and may, at any time thereafter, proceed against those 'not found,' by action against them jointly or severally." R. S. 1843, c. 40, s. 31. This case is within the letter of the section just recited. The writ had been returned "executed" as to *Miles Hunt,* and "not found" as to *Basil Hunt,* the defendant below; and a suggestion to that effect had been made upon the record. The holder of the note was, therefore, expressly authorized to proceed against him in this action.

We are referred to *Nicklaus* v. *Roach,* in this Court, *November* term, 1851 (1). In that case *Dapput,* one of the partners of the firm of *John Nicklaus & Co.,* had been sued on a note given by him for a partnership debt, and a judgment was obtained against him on the note. *Nicklaus,* the other partner, subsequently executed a note for the same debt, and was then sued on his note. The Court held that the recovery of a judgment against *Dapput* for the partnership note, discharged *Nicklaus* from all liability for that debt. It is evident that the case referred to is in no respect applicable to the one before us. No joint action had been commenced against the partners; consequently, there was no return of "not found" as to *Nicklaus.* We think the demurrer was correctly sustained.

*Per Curiam.*—The judgment is affirmed, with 6 per cent. damages and costs.

*T. J. Sample,* for the appellant.

*D. Kilgore,* for the appellee.

(1) 3 Ind. R. 78.