*A. McDonald*, for the appellant.

---

## ARCHER *et al. v.* HEIMAN *et al.*

PROMISSORY NOTES—MERGER.—A suit and judgment upon a joint note against one promissor constitute a bar to any other suit against any other promissor, because the note is thereby merged in the judgment.

SAME.—In section 16 of the act of *March* 11, 1861, (Acts Reg. Sess. 1861, p. 145,) the word "parties," as applied to joint notes or bills of exchange, is so construed as to embrace all the makers as one party, all the indorsers another, &c., and therefore a suit and judgment upon such joint note or bill against one maker, or one indorsee, &c., would constitute a bar to any other suit against any other maker or indorser, &c.

APPEAL from the *Vanderbugh* Circuit Court.

DAVISON, J.—*Samuel Archer* and *David Mackey* sued *Desire D. Walker*, *Adam Miller*, *Isaac Heiman* and *David Heiman* upon a note in this form:

Archer et al. *v.* Heiman et al.

"*Evansville, Ind., Nov.* 13, 1860.

" Six months after date we promise to pay to the order of *Archer & Mackey* 219 dollars and 57 cents, waiving benefit of appraisment laws, value received.          DESIRE L. WALKER,

"ADAM MILLER,

"I. & D. HEIMAN."

Process as to *Walker* and *Miller* was returned "not found;" *Isaac* and *David Hieman* answered.   That in *January,* 1862, the plaintiffs instituted an action in the Circuit Court of *Dubois* county, *Indiana,* against each of the defendants sued in this case, upon the above recited note, for the recovery of the sum of money therein specified, and, at the *January* term of that Court, in the year 1862, they, the plaintiffs, recovered a judgment against *Miller* alone for 228 dollars and 90 cents, which remains in force, &c.; that after the rendition of said judgment the action as to the other defendants, *Walker* and the *Heimans,* was, upon the plaintiff's motion, continued until the next term of said Court, and that afterwards, on the 18th of *March,* 1862, the same action, as to *Walker* and *Isaac* and *David Heiman,* was, by order of the plaintiffs, dismissed, and all further proceedings therein abandoned by them.   Plaintiffs demurred, but the demurrer was overruled, and they excepted.   Final judgment was given, &c.

The common law rule is, that a suit and judgment upon a joint note against one promissor is a bar to a subsequent suit against another, the note being merged in the judgment.   2 McLean 163; 5 Ohio 33; 18 Johns. 481.   But this rule, it is argued, has been changed by the code, and that the rule now in force entitles the plaintiffs to recover.   We are referred to section 362 of the practice act, which says:   "When the summons has been served in due time on part, only, of the defendants, the plaintiff may dismiss or continue for further proceedings, his action as to those not summoned, or not

Archer et al. *v.* Heiman et al.

summoned in time, and proceed to trial as to the others, or continue as to all of them, at his option." 2 R. S. page 120. This provision, although it allows the plaintiff to dismiss as to defendants "not summoned or not summoned in time," and proceed to trial as to those regularly in Court, does not, as we construe it, contemplate another action against the dismissed defendants, upon the same joint contract. Here, the plaintiffs having continued as to these defendants, might have proceeded against them in the action thus continued; but having dismissed it, the note as to them became merged in the judgment against *Miller.* This, as we have seen, is the result of such dismissal under the common law rule; and that rule, it seems to us, has not been changed by the enactment above recited. But the appellants refer to another statute, which enacts that "the holder of any note or bill of exchange negotiable by the law merchant, or by the laws of this State, may institute one suit against the whole or any number of the parties liable to such holder; but such holder shall not, at any time, institute more than one suit on such note or bill." Acts 1861, p. 145, sec. 16.

This provision does not, as we understand it, intend to designate each person who may put his name on a note or bill as a joint maker, or a joint drawer, or a joint indorser, as a party to the instrument, but such joint makers, &c., are to be deemed and taken, collectively, as one party. Thus it will be seen that a suit against one of the makers of a joint note is not intended by the enactment. If, then, the holder of a note sues a less number than all the parties, the suit must be against all the makers, or all the indorsers, who may be jointly liable. We think that this exposition of the provision just recited is correct, and it is not in conflict with the ruling of the lower Court. But section 41 of the practice act is referred to by the appellees. That section recognizes the well known distinction between joint and joint and several

contracts, and directs the mode of procedure in cases of this sort. 2 R. S. p. 36. Indeed we know of no provision in our statutes which, in reference to the case made by the record before us, in any degree conflicts with the common law rule to which we have referred. The demurrer was, in our opinion, not well taken.

*A. L. Robinson,* for the appellants.

*Jas. E. Blythe,* for the appellees.