## ERWIN *v.* SCOTTEN, ADMINISTRATOR.

PRACTICE.—*Joint Promisors.*—*Judgment.*—After a judgment has been recovered against one or more persons jointly indebted, as provided in section 41 of the code, the plaintiff may proceed, under section 641 of the code, to have the other joint parties summoned, to show cause why they should not be bound by the judgment; although the parties against whom the judgment has been taken have appealed to the Supreme Court, and the cause against them is pending in that court, and a supersedeas has been granted.

SAME.—*Joint Promissory Note.*—The joint nature of a joint promissory note, or the joint liability of the makers, is not changed by the rendition of a judgment against a part only of the makers. Such judgment either releases the makers not included in the judgment, or leaves them liable, under the provisions of section 641 of the code, to be made bound by the judgment.

SAME.—*Jurisdiction.*—In a proceeding under section 641 of the code, a party who is one of the joint makers of a promissory note may be summoned to show cause why he should not be bound by a judgment rendered against the other joint makers, though he does not reside in the county where the judgment has been taken; and the court where the judgment has been taken will have jurisdiction to hear and determine the matter.

SAME.—*Statute Construed.*—Section 42 of the code only requires that the return of "not found" be suggested on the record, not that the return of the sheriff should be entered on the record.

SAME.—*Statute and Common Law.*—Section 41 of the code has not changed the rule as it existed at common law, that where the obligation is joint, the action must be against all who are jointly liable, whether as makers or indorsers; nor does it change the rule that a judgment against one promisor upon a joint obligation is a bar to a suit subsequently brought upon such obligation against another joint promisor.

SAME.—*Judgment.*—The first clause of section 41 of the code does not contemplate that after the plaintiff has taken judgment against the joint makers who are served, he may have process against those not served, and when such process has been served, take another judgment upon such joint obligation. There can be but one judgment on a joint obligation.

SAME.—*Joint and Several Promise.*—Under the provisions of the third clause of section 41 of the code, it is only when an obligation is several, or joint and several, that a part or all of the makers may be sued, and judgment taken against either or all of the defendants. The plaintiff may, where the liability is several, or joint and several, under the provisions of section 42 of the code, take judgment against those served, and suggest on the record "not found" as to those not served, and may continue the cause for process as to them, and at a subsequent term take a separate judgment against them; or the plaintiff may dismiss the action as to any of the defendants, whether served or not served, and may afterward commence another action against them, and take another judgment. No such remedy has been provided where the liability is joint. DOWNEY, J., dissented.

Erwin *v.* Scotten, Adm'r.

SAME.—*Joint Promise.—Remedy.*—The remedy provided by section 641 of the code, in case of joint liability, did not exist at common law, and is in entire harmony with section 41 of the code, and the two sections should be cons'rued together.

SAME.—The principles of common law applicable to joint obligations have not been changed, but a new and more efficient remedy against those not summoned has been provided.

SAME.—*Practice.*—When the holder of a joint obligation proceeds under section 41 of the code, and takes judgment against those served, and suggests upon the record the return of "not found" as to those not summoned, he may proceed under section 641, and have such persons bound by the judgment in the same manner as if they had been originally summoned. When such persons are made bound by the judgment, it becomes a joint judgment against all the makers, and in this manner their joint liability is preserved.

APPEAL from the Wayne Common Pleas.

BUSKIRK, J.—The complaint alleges that William P. Erwin, William Comer, and Edwin Erwin, on the 26th day of June, 1868, by their joint promissory note, promised to pay to the order of Elizabeth Jones, at the First National Bank of Richmond, one year after the date thereof, the sum of four hundred and fifty-five dollars; that on the 28th day of February, 1870, the plaintiff, as the executor of the said Elizabeth Jones, deceased, commenced an action on said note, in the common pleas court of said county against all the makers of said note; that process was served upon the said William P. Erwin and William Comer, but not on the defendant, Edwin Erwin; that at the May term, 1870, the plaintiff proceeded against the said William P. Erwin and William Comer, and recovered a judgment against them in said court in the sum of five hundred and thirty-nine dollars and sixty-three cents, which said judgment remains in full force, unpaid and unreversed; that said defendant not being in the court at the hearing of said cause and the rendition of said judgment, a suggestion of not found was made as to him upon the record, and the cause, as to him, was continued for process. A certified transcript of the judgment was filed, and there was also filed the affidavit required by section 643 of the code, 2 G. & H. 298.

The prayer of the complaint was as follows: "Wherefore

the plaintiff prays that the said Edwin Erwin may be served with process in this behalf, to show cause, on the first day of the May term, 1871, of this court, why he shall not be bound by the judgment so rendered against the said William P. Erwin and William Comer, the same as if he had been originally summoned, and for general relief."

The defendant answered as follows: "The said defendant, Edwin Erwin, enters a special appearance, saving and reserving his rights, and says, for answer to said complaint, that the said plaintiff, on the —— day of ————, 1870, brought a joint action on said note, which is a joint note, in said court against said William P. Erwin, William Comer, and this defendant; that at the commencement of said suit, and long prior thereto, and continuously up to this time, said defendant, Edwin Irwin, was, and still is, a resident of the county of Huntington, in said State; that process of summons was issued against all of said defendants, and summons was sent to Huntington county, which was returned, as to the defendant, not found, but served on the other defendants; that plaintiff, on such return, took a joint judgment against William P. Erwin and William Comer, and severed the joint nature of said debt; that said defendants, William P. Erwin and William Comer, prayed an appeal to the Supreme Court, and such proceedings were had in the premises, that said cause was regularly filed in said court, and a *supersedeas* was granted, and said cause is now pending in the Supreme Court on error and undisposed of. And the defendant, Edwin Erwin, says that he is not liable in this court, at this time, to said action."

To the above answer a demurrer was sustained, to which ruling the appellant excepted, and he refusing to plead further, final judgment was rendered against him.

The appellant has assigned for error the sustaining of the demurrer to such answer.

This proceeding is based upon sections 641 to 646, inclusive, of the code, 2 G. & H. 297, 298.

It is, in the first place, contended by the counsel for ap-

pellant that no proceedings can be had against the appellant, while the original cause against the other joint makers of the note is pending in this court. We think otherwise. Neither the taking of the appeal nor the granting of a *supersedeas* vacated the judgment below, but it will remain in full force until reversed by the judgment of this court. The only effect produced upon the judgment below by the taking of the appeal, and the granting of the *supersedeas*, was to stay execution and other proceedings thereon in the court below. The object of this proceeding is to make the appellant bound by the original judgment, in the same manner as if he had been originally summoned. The effect of the judgment against the appellant is to make him jointly liable on said judgment with the other joint makers of the note which was the foundation of the action. If the original judgment against the other joint makers of the note, now pending in this court, shall be reversed, there will be no judgment for the appellant to be bound by.

It is in the next place contended by the learned counsel for appellant, that when judgment was rendered against the other joint makers of the note, the joint nature of the note was severed; and that, as the appellant resides in Huntington county, the court below did not and could not acquire jurisdiction over the person of the appellant. In our opinion, the joint nature of the note and the joint liability of the makers were not changed by the rendition of a judgment against a part of the makers. The rendition of such judgment either released the appellant from all liability, or he is subject in this proceeding to be made bound by such judgment. We are not informed by counsel what liability the appellant assumed when he ceased to be jointly liable. If the note became joint and several, the appellant would be in no better condition, for suit may be brought on a joint and several note in any county where any of the makers reside, and process may be sent to other counties for the other makers. Sec. 33 of the code, 2 G. & H. 58.

There seems to be no room to doubt that the court below acquired jurisdiction of the person of the appellant.

The court committed no error in sustaining the demurrer to the answer.

The appellant asks that the demurrer of the appellee to the answer of the appellant shall be extended to the complaint, and that we shall pass upon the sufficiency of such complaint.

The first objection urged to the complaint is, that it does not appear that the appellant was not served with process in the original action. Under section 641 of the code, this proceeding can only be had against such as were not served with summons in the original action. Such section reads as follows:

"Sec. 641. When a judgment shall be recovered against one or more persons jointly indebted upon contract as provided in section 41, those who were not originally summoned to answer the complaint may be summoned to show cause why they should not be bound by the judgment in the same manner as if they had been originally summoned." 2 G. & H. 297.

Section 42 of the code, 2 G. & H. 66, provides, that "when there is a return of 'not found' as to any of the defendants, such return shall be suggested on the record, and the plaintiff may continue the cause as to them for another summons at his option; and he may, in either case, proceed immediately against the defendants served in time."

The following entry was made on the original judgment: "And a suggestion of not found having been entered as to the said Edwin Erwin, this cause is continued as to him."

It is insisted by counsel for appellant that the return of the sheriff to the summons shall be entered on the record. We do not think such a construction can be placed upon section 42 of the code, hereinbefore copied into this opinion. The language of that section is, "when there is a return of 'not found' as to any of the defendants, such return shall be suggested on the record," etc. It is the suggestion of

the return, and not the return itself, which is to be entered on the record. It might be well to inquire whether the appellant is not estopped from urging such objection, by the fact that the answer to which the demurrer was filed, in express terms, says that a summons was issued to the county of Huntington against the appellant, and that such summons was not served, but was returned as to the defendant not found.

But without going into the question of estoppel, we think that the proper suggestion was made on the record in the original cause.

The next objection urged to the complaint presents the principal question in the cause, and we will state it in the language of the counsel for appellant, and it is as follows:

"But another question arises upon the demurrer, as to the sufficiency of the complaint. The above section 641, 2 G. & H. 297, provides that when judgment is taken against one or more persons jointly indebted, as provided in section 41, etc. See section 41, 2 G. & H. 65. That section (41) is not designed to change the common law rule in relation to joint debtors. The spirit of the code does not justify the conclusion that separate judgments can be taken on joint contracts. See sections 366, 368, 369, 2 G. & H. 217, 218.

"The common law rule is, that when a judgment is taken against a part of joint debtors, the contract is merged in the judgment. 4 Blackf. 155; 1 Blackf. 106 and 139; 7 Ind. 540. In the case of *Archer* v. *Heiman*, 21 Ind. 29, the Supreme Court recognizes the same rule. True, the court say in that case, 'the plaintiffs having continued as to these defendants, might have proceeded against them in the action thus continued,' etc. But can the party merge the note by a final judgment against part and keep it alive as to another part? If he can, then the present proceedings of the appellee, Scotten, cannot be sustained, his remedy being where the record shows he has sought it, to wit, in an action on the note, which as to this defendant stands continued, as the record shows. If he cannot, then this proceeding is barred

Erwin *v.* Scotten, Adm'r.

by the election he made to take judgment against part only of joint debtors, thus forever precluding himself from a remedy against the appellant. It is only when, under sec. 41 and the above sec. 366, separate judgments are authorized, that the present proceedings may be instituted.

"Or if this be not correct, may a plaintiff in an action take judgment against a part of joint debtors, continue the action as to those not served, and at the same time institute the present proceeding, and by this kind of double process, seek to do what the original action aims to accomplish?"

The rule, as it existed at common law, is correctly stated by counsel for appellant, and unless it has been changed by the code, the complaint was fatally defective, and the demurrer thereto should have been sustained. We proceed to inquire whether it has been so changed.

Section 41 of the code reads as follows: "Where the action is against two or more defendants, and the summons is served on one or more, but not all of them, the plaintiff may proceed as follows:

"First. If the action be against defendants jointly indebted on contract, he may proceed against the defendant served, and if he recover judgment, it may be enforced against the joint property of all, and the separate property of the defendant served; or,

"Second. If the action be against defendants severally liable, he may proceed against the defendants served in the same manner as if they were the only defendants, and may afterwards proceed against those not served.

"Third. If all the defendants have been served, judgment may be taken against any or either of them severally, when the plaintiff would be entitled to judgment against such defendant or defendants, if the action had been against them or any of them alone." 2 G. & H. 65.

The above section of the code has not changed the rule as it existed at common law, that where the obligation was joint, the action must be against all who are jointly liable, whether as makers or indorsers; but this rule does not require

that those who were jointly liable as makers should be sued jointly with those who were jointly liable as indorsers. All who are jointly liable as makers must be joined in one action, while those who are jointly liable as indorsers must be jointly sued; and there may possibly be cases where those who are jointly liable as indorsers may be united in the same action with those who are jointly liable as makers, but no case occurs to us now where the joint indorsers would have to be sued jointly with the joint makers. *Archer* v. *Heiman, supra.*

Nor has the above section of the code changed the rule as it existed at common law, that a suit against one joint promisor and a judgment against him upon a joint obligation is a bar to a suit subsequently brought upon such obligation against another joint promisor, for the note is merged in the judgment.

Under the second clause of the said section, the obligation being several, separate judgments may be taken against the defendants. Judgment may be taken against those served, in the same manner as if they were the only defendants, and the plaintiff may afterward proceed against those not served. Where the liability is several, there may be as many separate judgments as there are persons liable, but the payment of one judgment will amount to the payment and satisfaction of the principal and interest of all the other judgments.

Nor does the first clause of the above section contemplate that, after the plaintiff has taken judgment against the joint makers, who are served, he may have process issued against those not served, and when such new process has been served, take another judgment upon such joint obligation. There can be but one judgment rendered on a joint obligation. The joint obligation cannot be changed into a several obligation. When a note is several, or joint and several, each of the makers is severally liable, and separate judgments may be taken against each maker, and one may be compelled to pay the whole amount, and be driven to his

action against the others for contribution. The makers of a joint note are jointly liable, and the joint property of all and the separate property of each may be sold, but their joint liability cannot be converted into a several liability, as would be the case if separate judgments could be rendered on a joint note. It should be observed that the first clause of said section does not provide any remedy against those not served, while it is provided in the second clause that where the defendants are severally liable, the plaintiff may proceed against those served, in the same manner as if they were the only defendants, and may afterward proceed against those not served. When the liability is several, the plaintiff may sue part or all of the makers, and may take judgment against part or all, at his option. This is provided for in the third clause of said section. That clause provides, that, "if all the defendants have been served, judgment may be taken against any or either of them severally, when the plaintiff would be entitled to judgment against such defendant or defendants, if the action had been against them or any of them alone." The plain and obvious meaning of the third clause is, that when the plaintiff may sue a part or all of the makers, he may take judgment against either or all of the defendants, and this can only be done when the liability is several, or joint and several. When the liability is several, or joint and several, the plaintiff may take judgment against those served, and have entered on record a suggestion of "not found" as to those not served, and may continue the cause as to them for process, and may, at a subsequent term, take a separate judgment against them, or he may dismiss the action as to any of the defendants, whether served or not served, and afterward may commence another action against them and take another judgment against them. This is provided for by section 42 of the code.

But no such remedy has been provided where the liability is joint only. Section 641 of the code has provided another and different remedy, and one that is in entire harmony with the first clause of section 41 of the code. Sec-

tion 641 reads as follows: "When a judgment shall be re-covered against one or more persons jointly indebted upon contract as provided in section 41, those who were not originally summoned to answer the complaint may be summoned to show cause why they should not be bound by the judgment in the same manner as if they had been originally summoned." 2 G. & H. 297.

The remedy provided by the above section did not exist at common law, and was intended to remedy the inconvenience resulting from the principles of the common law, which prevented two judgments from being rendered on a joint obligation, and is in entire harmony with section 41. The two sections are to be construed together, and when so construed, furnish a complete remedy against those jointly indebted, without changing the joint liability of the makers. As we have seen, if the holder of a joint obligation sues only a part of the makers, and takes judgment against a part, the obligation is merged in the judgment, and this will bar any subsequent action against the other joint makers. But when the holder of such joint obligation proceeds under section 41, and takes judgment against those served, and suggests upon the record the return of "not found" as to those not summoned, he may proceed under section 641 and have such persons bound by the judgment in the same manner as if they had been originally summoned. When such persons are made bound by the judgment, it becomes a joint judgment against all the makers, and in this manner their joint liability is preserved. This is the obvious meaning of the language, that they shall "be bound by the judgment in the same manner as if they had been originally summoned." If they had been originally summoned, a joint judgment would have been rendered against them all, and when they are bound by the judgment, it becomes a joint judgment against all. The persons who were originally summoned had the right to defend against the action, and this right is secured to those who are brought in to show cause why they should not be bound by

the judgment. It is provided by section 641, that a defendant proceeded against according to section 41 may deny the judgment, or set up any defence which he might have made in the original action. 2 G. & H. 297.

The counsel for appellant is, in our opinion, entirely mistaken, in the position assumed by him in argument, that section 641 was intended to apply where the liability was several, and not where it was joint. Where the liability is several, there is no necessity for such remedy; for as many separate judgments may be taken as there are makers. Besides, it is expressly provided in section 641, that the remedy provided by that section shall only exist "when a judgment shall be recovered against one or more persons jointly indebted upon contract as provided in section 41." It is very manifest to us that section 641 refers solely to the first clause of section 41 ; for that is the only one that refers to joint obligations, and, consequently, it can refer to none other. In our opinion, the code has not changed the principles of the common law, as applicable to joint obligations, but has provided a new and more efficient remedy against those who were not originally summoned. We have, in the case of *Stockton* v. *Stockton, ante,* p. 225, applied the principles of the common law to a joint obligation by holding that the release of one joint obligor was a release of all the other joint obligors. The case of *The State, ex rel. Griswold,* v. *Roberts, post,* p. 451, contains a very full discussion of the law in relation to joint and several obligations. *Rose* v. *Comstock,* 17 Ind. 1 ; *Bledsoe* v. *Irvin,* 35 Ind. 293.

In our opinion, the court committed no error in holding the complaint good.

The judgment is affirmed, with costs.

Downey, J.—As my views do not accord with those expressed in the foregoing opinion, in some material respects, it is proper that I should state my conclusions. Section 41 of the code provides, among other things, that when the action is against two or more, and the summons is served

on one or more, but not on all, the plaintiff may, if the action be against defendants jointly indebted on contract, proceed against the defendants served; and if he recover judgment, it may be enforced against the joint property of all, and the separate property of the defendant served. I think this provision contemplates, primarily, if not exclusively, cases where the plaintiff takes his judgment against those of the parties jointly indebted on whom process has been served, and does not have the cause continued as to those who have not been served. Section 641 of the code provides that when a judgment shall be recovered against one or more persons jointly indebted upon contract, as provided in section 41, those who were not originally summoned to answer the complaint may be summoned to show cause why they should not be bound by the judgment, in the same manner as if they had been originally summoned. This section is by its terms expressly confined to cases where judgment has been rendered by the court against part of the persons jointly liable, as authorized by section 41. To all this I make no objection. I think it is just what is contemplated and provided for by the sections mentioned; and if the majority of the court had gone no further than this, I should not have written this opinion.

Section 42 of the code provides that "when there is a return of 'not found' as to any of the defendants, such return shall be suggested on the record, and the plaintiff may continue the cause as to them for another summons at his option; and he may, in either case, proceed immediately against the defendants served in time."

I think this section applies to all cases, whether they are upon several or joint liabilities. When there is a return of not found as to any of the defendants, it is optional with the plaintiff whether he will or will not have the cause continued as to those not found. But in either case, that is, whether he continue the action for service on those not found or not, he may proceed immediately against the defendants served in time. If he do not have the action continued as to the

defendants not served, and recover judgment against those who are served, the action as to those not found abates; and this is the reason why the legislature has provided the remedy in section 641, to bring them in afterward and make them liable upon the judgment. If the plaintiff shall pursue the other course, that is, have the action continued as to the defendants not found, and proceed to judgment against those who have been served in time, I think he may at the next or any other term to which the action has been thus continued, when process has been served on the other defendant or defendants, take judgment against them in the same action. Whether this judgment shall be a separate judgment against these defendants, without reference to the first judgment, or whether it should be so rendered as to make them jointly liable on the first judgment, is immaterial. It is held, in the opinion of the majority of the court, that there cannot be several or separate judgments against defendants jointly liable on contract. I concede that at common law there could not be. But I contend that under section 42 there may be. Why would the legislature have said that the plaintiff may continue the action as to those not found, if it had not been intended that he might have judgment against them when they were found?

It is held that section 42 applies only to cases where the action is upon a several liability. But this is, in my opinion, mere assertion against a plain enactment of the legislature. If a separate judgment cannot be rendered against the defendants who are brought in at a subsequent term, it is very clear, it seems to me, that the court can so render the judgment as to make these defendants jointly liable with those against whom judgment was previously rendered. The rule, that a judgment against a part of several joint debtors merges the cause of action and shields the others from any liability to another action, is a snare in which unwary creditors are often caught, and should at once be abrogated by the legislature. It has been changed in several of the states, and

the more sensible and just rule established that all or any of the parties may be sued, and judgment recovered against them, without affecting the right of the creditor to sue the others, until he has got judgments against all·of them, or secured payment of the debt. Section 42 was a step in the right direction; but this decision, if followed, deprives it of much of the good which it was intended to accomplish. The statute of 1843 expressly authorized another action against defendants not found, when the action was upon a joint cause of action. Rev. Stat. 1843, ch. 40, sec. 31; *Hunt* v. *Adamson*, 4 Ind. 108.

In *Pattison* v. *Norris*, 29 Ind. 165, there was a judgment rendered against two on a joint liability, which was afterward set aside as to one. Issues were formed as to this defendant, and there was a trial and a' separate judgment rendered against him. There were here two judgments on a joint cause of action. This court said: "It is insisted that the final judgment is void, because taken only against Pattison, whereas the liability was joint. We do not regard the judgment by default against Cullum as vacated by the order of the court. Pattison only asked to have the judgment set aside as to him, and he cannot now complain of the sustaining of his own motion. It would have been better, perhaps, on Pattison's application, to have held the judgment subject to the result of his defence, but there is no error, as it stands, authorizing a reversal." According to the opinion of the majority of the court, Pattison, after getting his neck out of the yoke by having the judgment set aside, could only have been made liable again by falling back upon and proceeding under section 641, to have him bound by the judgment which yet remained in force against Cullum. If there was any reasonable ground to doubt as to the construction which should be placed upon the statute, the great inconvenience of the rule sustained by the majority of the court should induce a contrary ruling.

Osborn, J.—I concur in the conclusion of the majority of

the court, that suggesting the return of "not found" and continuing the cause as to one or more defendants will not prevent proceedings under section 641; but I am not sufficiently advised to be willing to say that the only remedy is under that section. And as, in my opinion, that question is not before us, I do not feel disposed to express an opinion upon it. In my opinion, the question before us is, whether continuing the cause under section 42 prevents proceeding under section 641, and not whether the remedy is confined to that section.

*W. A. Bickle,* for appellant.

*J. Yaryan,* for appellee.