## JENKS *v.* OPP, ADMINISTRATOR.

WITNESS.—*Competency.*—*Administrator.*—*Parties.*—*Promissory Note.*—In an action by an administrator upon a joint promissory note executed to his decedent by two defendants, of whom one has been served with process, and the other has not been served, as to whom a return of "not found" has been suggested and the cause continued, the defendant not found remains a party to the action, and is not a competent witness, under the statute, unless required to testify by the administrator or the court trying the cause.

SAME.—*Discharge in Bankruptcy.*—*Pleading.*—Where the obligation is joint, all the makers are necessary parties to an action thereon; and though one of the joint makers of a promissory note may have received a discharge in bankruptcy, yet such a discharge being a personal privilege which muts be pleaded, he is a necessary party to the action on the note.

From the Tippecanoe Common Pleas.

*H. W. Chase* and *J. A. Wilstach*, for appellant.

*F. B. Everett*, for appellee.

BUSKIRK, J.—This was a suit by Opp, administrator of Porter, against James W. Moliere as principal, and Edward T. Jenks as his surety, upon three joint promissory notes, made in 1866 to the intestate, all payable with ten per cent. interest, and the last maturing in March, 1867.

The appellant, Jenks, was alone served with process, which was returned not found as to Moliere. An appearance was entered for Moliere by mistake, and an answer filed; but, by leave of the court, the appearance was withdrawn, and his answer was stricken out, and the suit continued as to him.

The appellant answered, 1. By a general denial. 2. That payments were made from time to time upon the notes, under the name of interest, at the rate of twenty-four per cent. per annum, being usury corruptly contracted for and paid; and that other payments were made, a schedule of which payments is filed, showing such payments in all to be twenty-five hundred dollars, a sum more than sufficient to pay the notes in full with ten per cent. interest.

A reply in denial of the second paragraph of Jenks' answer was filed.

The appellant then presented an affidavit and made a motion for a continuance, which was overruled; and a trial was then had, which resulted in a judgment for the appellee against the appellant for thirteen hundred and sixty-three dollars, over the appellant's motion for a new trial.

The affidavit for continuance is set out in the bill of exceptions, and the ruling of the court upon it presents the only point there is in the case.

The affidavit, which is in the form contemplated by the statute, states that Moliere, the principal in the notes, was a material witness for the affiant; that since the making of the notes, Moliere has been adjudged a bankrupt, under the act of Congress of March 2d, 1867, by the United States District Court for the District of Michigan, and that the notes were barred as to him; that as soon as process was served on affiant, he commenced investigations to ascertain Moliere's residence, and that a day or two before the term of court commenced, affiant learned that Moliere had removed from his former residence at Dowagiac, Michigan, to Kalamazoo, in that State; that it was then too late to take his deposition or procure a certified copy of the bankruptcy proceedings, to show his competency as a witness; that as soon as Moliere's residence was ascertained, affiant went to Kalamazoo and saw Moliere, who promised to come to Lafayette as a witness; but affiant received a letter from him, on the day he was to have arrived, stating that he was sick and unable to come; that affiant believed that over the sum of eight hundred dollars of said notes was for usurious interest, and that Moliere could prove that over two hundred dollars of the same was usury, but just how much affiant could not state; and that there was no other witness by whom the facts could be proved, and that Moliere could be obtained by the next term, if the cause was continued.

The court overruled the motion, because, as the record states, "said Moliere, although adjudged a bankrupt, since the making of the notes described in the complaint, and

discharged therefrom, is not a competent witness for the defendant Jenks."

The statute upon the subject, which was construed by the court as excluding the testimony of Moliere, reads as follows :

" *Provided*, That in all suits where an executor, administrator or guardian is a party in a case where a judgment may render" [may be rendered] " either for or against the estate represented by such executor, administrator or guardian, neither party shall be allowed to testify as a witness unless required by the opposite party, or by the court trying the cause." 3 Ind. Stat. 561.

The only question in the case is, was the refusal of the court to continue the cause, for the reason stated, correct?

It is claimed, by counsel for appellant, that because Moliere has been discharged under the bankrupt law, he has no interest in the suit and is therefore a competent witness for his surety upon the notes.

Under our statute, the competency or incompetency of a witness is not made to depend upon his interest in the suit. All persons, even parties, are, as a general rule, competent witnesses. To this general rule the statute has made certain exceptions; and one of them is, that in all suits where an executor, administrator, or guardian is a party, where a judgment may be rendered either for or against the estate represented, neither party shall be allowed to testify, unless required by the opposite party, or the court trying the cause.

This certainly is a suit by an administrator, and a case where a judgment might be rendered either for or against the estate represented. Moliere was made a defendant, but was not served. Was he a necessary party defendant? The action was based upon three joint promissory notes. Where the obligation is joint, all the makers are necessary parties; and, in this case, Moliere was not only a proper but a necessary party.

But it is insisted that he was not a necessary party, because he had been adjudged a bankrupt. A discharge in

bankruptcy does not, *per se,* operate as a discharge of all his debts. The courts do not take judicial notice of discharges in bankruptcy. A discharge in bankruptcy must be pleaded, otherwise a judgment may be rendered against an adjudged bankrupt. It is a personal privilege, which the bankrupt may or may not set up as a defence to the action. The note of a married woman is void, yet, if when sued she fails to set up her coverture, a valid judgment may be rendered against her.

We think that Moliere was, by the express words of the statute and its spirit, an incompetent witness. The note sued upon was a joint, and not a joint and several obligation. There was a suggestion upon the record of not found and a continuance as to him. As between Moliere and Jenks, the relation of principal and surety existed ; but as between them and the payee, they were both principals. The appellee having sued both the joint obligors, taken process against both, suggested upon the record a return of not found, and continued as to Moliere, and taken judgment against Jenks, he may proceed under section 641 of the code and have Moliere bound by the original judgment. *Erwin* v. *Scotten,* 40 Ind. 389.

In such proceeding the judgment, if any, would be that Moliere should be bound by the original judgment. If he should testify for the appellant, he would, in legal effect, testify for himself. The plaintiff having caused a suggestion of not found to be entered on the record, and taken a continuance as to Moliere, the rendition of a judgment against his co-obligor did not merge the cause of action in the judgment. If the plaintiff had dismissed as to Moliere and taken judgment against Jenks, the obligation being joint, the cause of action against Moliere would have been merged in the judgment, and he would have ceased to be a party within the meaning of the statute. *Erwin* v. *Scotten, supra.* Moliere being a party to the action at the time he was offered as a witness, and the action being by an administrator, it results that he was an incompetent

witness, and that the court committed no error in refusing to continue the cause.

The judgment is affirmed, with costs.

PETTIT, J., having been of counsel, was absent.