## MODLIN, ADMINISTRATOR, *v.* THE NORTH-WESTERN TURNPIKE COMPANY.

DURESS.— *Witness.*—*Turnpike.*—Claim against a decedent's estate on a note executed by the decedent to a county treasurer and by him assigned to the plaintiff, a turnpike company. Answer, that it was given for the amount of an assessment on the maker's land in favor of said company, on the tax duplicate; that the treasurer was threatening and about to levy on and sell the property of the maker to pay such assessment, which was illegal because of failure to assess all lands liable under the statute; and that the note was given to prevent such levy and sale.
*Held,* that the answer was sufficient.
*Held,* also, that said treasurer was not a competent witness.
DEMURRER.—A joint demurrer to several paragraphs of an answer must be overruled as to all the paragraphs, if either be good.

From the Henry Circuit Court.

*J. Brown, J. M. Brown, M. E. Forkner, E. H. Bundy,* and *R. L. Polk,* for appellant.

*J. T. Elliott* and *W. H. Elliott,* for appellee.

DOWNEY, J.—Claim by the appellee against the appellant, as administrator of the estate of Richard Modlin, deceased, on

a promissory note dated August 10th, 1871, executed by the deceased to one Hazzard, and by him indorsed to the appellee. Answer in three paragraphs, as follows:

1. Want of consideration.

2. That the note was given for, and to secure the payment of, an instalment of a pretended tax assessment in favor of the plaintiff, for and on account of pretended benefits to the land of said decedent on account of the construction of a gravel road or turnpike by the plaintiff within one and one-half miles of said lands; that said assessment was attempted to be made and procured by the plaintiff as a gravel road company, under and pursuant to the acts of the General Assembly of the State of Indiana; that said assessment was placed upon the tax duplicate, which came into the hands of Hazzard, the assignor of the note, then the treasurer of said county of Henry, for collection; that said assessment was illegal and void, in this, that said turnpike company did not list or assess all the lands on either side of said road within one and a half miles thereof, nor did they list or assess any lands at either terminus of said road, nor did they comply with the law in any other respect; and that at the May term, 1871, of this court, the plaintiff and said Hazzard as such treasurer were perpetually enjoined from collecting said assessment.

3. That the said note was given for, and to secure the payment of, a pretended assessment of benefits to the land of said decedent in favor of the plaintiff, on account of the construction of a gravel road or turnpike, by the plaintiff, within one and one-half miles of said land; that said assessment was attempted to be made and procured by the plaintiff as a gravel road company, under and pursuant to the acts of the General Assembly of the State of Indiana; that said assessment was placed upon the tax duplicate of Henry county, and came into the hands of said Hazzard, the assignor of said note, who was then the treasurer of said county, for collection; that said assessment was illegal and void, in this, that said turnpike company did not list or assess all the lands on either side of

said road within one and one-half miles thereof, nor did they list or assess any land at either terminus of said road, nor did they comply with the law in any other respect; that at the time of the execution of said note the said Hazzard, treasurer, etc., was threatening and about to levy on the property of said decedent and sell the same to pay said pretended assessment as aforesaid, and that said note was given to prevent the levy and sale of said property as aforesaid, and for no other consideration; wherefore, etc.

The plaintiff demurred jointly to the second and third paragraphs of the answer, on the ground that the same did not state facts sufficient to constitute a cause of action. The court sustained the demurrer to the second and overruled it as to the third. Reply by general denial. Trial by the court, and finding for the plaintiff. Motion for a new trial overruled, and judgment on the finding. Two errors are properly assigned:

1. Sustaining the demurrer to the second paragraph of the answer; and,

2. Overruling the motion for a new trial.

As the demurrer to the second and third paragraphs of the answer was joint, it is clear that it should not have been sustained to one of the paragraphs and overruled as to the other. It should have been sustained to both or overruled as to both. This is a rule which is well settled, and has been very often applied.

In *The Lafayette, etc., R. R. Co.* v. *Pattison*, 41 Ind. 312, it is said by BUSKIRK, J., in speaking on the subject of duress:

" Another class of cases is, where the payment of money is made upon an illegal demand by one who has authority to levy upon the property of the person upon whom such demand is made, and by a sale of such property to satisfy and discharge such claim; and where payment is made upon such a demand and to prevent such seizure and sale of property, the payment is also compulsory;" and several cases are cited in support of the rule. It seems clear that if money actually paid under such circumstances could be recovered back, it would follow that a note

given for the amount of the money so illegally demanded would be invalid, and that a suit thereon might be defeated by an answer setting up the facts. As the third paragraph of the answer sets up the necessary facts to show that the assessment was invalid, and alleges that the treasurer was threatening and about to levy on the property of the deceased and sell the same to pay the assessment, and that the note was given to prevent such levy and sale, and for no other consideration, it would appear to be a good defence to the action.

Counsel for appellant urge that the third paragraph of the answer, which the court held good, embraces all the facts alleged in the second, and insist that for this reason the ruling of the court in sustaining the demurrer to the second paragraph did no harm to the appellant. But we do not see the matter in this light. The second paragraph, instead of setting up the defence of duress, alleges, among other things, that at the May term, 1871, of the court, the plaintiff and Hazzard, as such treasurer, were perpetually enjoined from collecting the assessment. By this allegation, we must understand that the assessment for which the note was given was enjoined. This is a material fact in the second paragraph which is not contained in the third paragraph. But however this may be, the third paragraph being good, it was error to sustain the joint demurrer to the second.

On the trial of the cause, Hazzard, the payee and endorser of the note, was admitted as a witness for the plaintiff, over the objection of the defendant, and this ruling of the court was one of the reasons urged for a new trial. It is submitted in support of this ruling, that Hazzard had no real interest in the note, although it was made payable to him; that the note when given belonged to the company; and that the assignment of it did not make it any more the note of the company than it was before, but only furnished evidence of a fact that previously existed. The treasurer was not a disinterested party. He could only claim to do what was done by the authority of the company. He is entitled to a percentage for collecting the tax. The statute not only excludes the plaintiff in such

case from being a witness, but also the assignor of the claim. 3 Ind. Stat. 560, sec. 2. It is provided, that "the assignor of the plaintiff in any such suit, where there has been an assignment of the cause of action, shall be deemed and held to be a party within this provision." See, also, *Ketcham* v. *Hill*, 42 Ind. 64. Hazzard comes clearly within the letter of the statute, and we think also within its spirit and reason. He should not have been allowed to testify.

The judgment is reversed, with costs, and the cause is remanded for further proceedings.