Morrison *et al. v.* Fishel.

---

MORRISON ET AL. *v.* FISHEL.

PRACTICE.—*Demurrer Waived by Pleading.*—Where a·party who has filed a demurrer to a pleading pleads thereto before his demurrer has been ruled upon, he thereby waives his demurrer.

JUDGMENT.—*Copy.—Exhibit.—Pleading.*—A judgment pleaded in bar of an action is not a "written instrument" within the meaning of section 78 of the practice act, and neither it nor a copy thereof need be filed with the pleading.

PROMISSORY NOTE.—*Payable in Bank.—Separate Actions Against Endorsers and Makers.—Jurisdiction.*—The *bona fide* endorsee, for value and before maturity, of a promissory note payable in bank, may maintain separate actions, and recover separate judgments, against each party liable thereon ; but no two actions thereon can be brought at the same term of court, and any action thereon, to which the maker is a party, must be brought in the county where he resides.

SAME.—*Recovery Against Endorser no Bar to Action Against Maker.*—The recovery of a judgment by such holder, against an endorser, on such note,, is no bar to a subsequent action thereon against the maker.

From the Bartholomew Circuit Court.

*F. T. Hord*, for appellants.

HOWK, C. J.—In this case the appellants, partners under the name and style of the "Indiana Banking Company," sued the appellee on a promissory note executed by him to the order of one Charles S. Boynton, and endorsed, by the latter to the appellants.

Of this note the following is a copy:

"APRIL 29th, 1873.

" On or before the 25th day of Dec., 1875, I promise to pay to the order of Charles S. Boynton, negotiable and payable at the First National Bank of Columbus, Ind., one thousand and fifty dollars, with interest at the rate of ten per cent. per annum after maturity, value received, without any relief whatever from valuation or appraisement. The drawers and endorsers severally waive presentment and notice of protest or non-payment of this note.

(Signed,)                    "ADAM FISHEL."

In their complaint the appellants alleged, that said Charles S. Boynton, the payee of said note, before its maturity, for value, assigned said note, by endorsement in writing, to the appellants.

The appellee answered in two paragraphs, to each of which the appellants demurred upon the ground that it did not state facts sufficient to constitute a defence to their action.

The demurrer to the first paragraph of said answer was not decided by the court, but the appellants replied thereto.

The court overruled the demurrer to the second paragraph of said answer, and to this ruling the appellants excepted; and, failing and refusing to reply to said second paragraph, the court rendered judgment on their demurrer thereto, against the appellants and in favor of the appellee, for the costs of suit, from which judgment this appeal is now prosecuted.

The following decisions of the circuit court have been assigned as errors by the appellants, in this court:

1.  In overruling their demurrer to the first paragraph of appellee's answer; and,

2   In overruling their demurrer to the second paragraph of said answer.

The record fails to show any decision by the circuit court

of the appellants' demurrer to the first paragraph of the answer, or that they excepted to any decision thereon. It appears from the record, that, before the court made any ruling upon the demurrer to the first paragraph of the answer, the appellants filed their reply thereto. In this state of the record, we must assume that the appellants waived their demurrer to the first paragraph of the appellee's answer. *Gordon* v. *Culbertson,* 51 Ind. 334. The first error assigned by the appellants, in this court, is therefore not found in the record.

In the second paragraph of his answer, the appellee alleged, in substance, that he executed the note in suit to Charles S. Boynton, and that the same was made payable in the First National Bank of the city of Columbus, Indiana; that the said Charles S. Boynton resided in Marion county, Indiana, on the —— day of ——, 187–; that, on said last named day, said Boynton sold and assigned said note to the appellants, and endorsed the same to them; that afterward, on the 25th day of January, 1876, the appellants brought suit on said note, in the Marion Superior Court, against said Charles S. Boynton, as such endorser, and took a personal judgment thereon against said Boynton, and not against any other person, nor against the appellee; that said judgment, so rendered in said Marion Superior Court, against the said Boynton, remained unreversed and not appealed from, and the said Boynton, as such judgment debtor, still remained personally and individually liable to the appellants for said debt evidenced by said note, and the goods and chattels of said Boynton remained and were liable to the appellants, upon execution, for the payment of said debt; and the appellee averred, that the said Boynton, endorser as aforesaid, was solvent and able to pay off and discharge said debt; that, by said suit and said judgment, the appellants had extinguished the appellee's indebtedness to the appellants; that the ap-

pellee was unable to make the record of the suit and judgment of the Marion Superior Court a part of this answer, · because the facts in connection therewith had not come to the appellee's knowledge, until that term of the court below; and that, since then, the appellee had not had time to procure said record. Wherefore, etc.

It was unnecessary for the appellee to make a copy of the record of the Marion Superior Court a part of the second paragraph of his answer. Such record was not a "written instrument," within the meaning of section 78 of the practice act, which provides that, "When any pleading is founded on a written instrument, * * * the original, or a copy thereof, must be filed with the pleading." 2 R. S. 1876, p. 73. *Wilson* v. *Vance*, 55 Ind. 584; *Richardson* v. *Jones*, 58 Ind. 240. If the second paragraph of the answer stated facts sufficient in other respects to constitute a defence to the appellants' action, the appellee's failure to make the record of the Marion Superior Court a part of said paragraph would not render it defective or insufficient.

It seems very clear to us, that the facts stated in the second paragraph of the appellee's answer were not sufficient to constitute a defence to the appellants' action. The suit, as we have seen, is by the endorsees, against the maker of a note negotiable by the law merchant. The appellants claim in their complaint, that the note was endorsed to them by the payee thereof, in good faith, for value, and before maturity, and these facts are not controverted by any averment in the second paragraph of the appellee's answer. In such a case the law is well settled, that the endorsees take such note free from any and all equities and defences which may have existed between the maker and payee thereof. *Murphy* v. *Lucas*, 58 Ind. 360; *Bremmerman* v. *Jennings*, 60 Ind. 175; and *Bremmerman* v. *Jennings*, 61 Ind. 334.

We do not understand that the appellee intended, in and by the second paragraph of his answer, to run counter to the law as we have stated it.   But we have no brief from the appellee in this court, and we may not clearly understand the nature of the defence which he intended to state in said paragraph.   We learn from the brief of the appellants' attorney, that the court below, in its decision of the demurrer to this paragraph of answer, relied upon the opinion of this court in the case of *Archer* v. *Heiman,* 21 Ind. 29.   That case, as we read it, can not have any possible bearing upon the question now under consideration, unless it can be said that the maker and endorser of a promissory note governed, as to its negotiability and the liabilities of such parties, by the law merchant are joint debtors to the endorsee of such note.

In section 16 of "An act concerning promissory notes, bills of exchange," etc., approved March 11th, 1861, it was provided as follows:   "The holder of any note or bill of exchange, negotiable by the law merchant, or by law of this State, may institute one suit against the whole or any number of the parties liable to such holder, but shall not, at the same term of court, institute more than one suit on such note or bill."   By an act approved March 12th, 1875, this section 16 was amended by adding thereto a proviso, as follows:   "*Provided,* That no judgment shall be rendered in such suit against any maker of such note, drawer or acceptor of such bill, unless suit is brought in the county where one or more of such makers, drawers or acceptors reside at the time such suit is begun."   1 R. S. 1876, p. 637.

In the case of *Archer* v. *Heiman, supra,* the note sued upon was not negotiable by the law merchant, and was the joint note of several makers.   The main point decided in that case was, that a suit and judgment against one joint maker of a joint note would constitute a bar to another

suit on such note against any other joint maker thereof, for the reason that the note was merged in the first judgment. The doctrine of the case cited is good law, in our opinion; but we fail to see that it is applicable to the case before us. The appellee and Boynton were not joint makers, nor were they joint endorsers, of the note in suit. Each of them was liable to the appellants, but their liability was not that of joint debtors, for the amount of the note in suit. Under said section 16 of the act of March 11th, 1861, before it was amended, the appellants might have sued the appellee and Boynton, under the facts alleged in the second paragraph of the answer, either in the Marion Superior Court or in the Bartholomew Circuit Court, in one and the same action, or they might have sued the appellee in the court below, and Boynton in the Marion Superior Court, in separate actions.

Under the section as amended by the act of March 12th, 1875, no judgment could be rendered against the appellee, as the maker of the note in suit, unless the suit was brought in the county where he resided when the suit was begun. The only limitation or restriction in the statute upon the right of the holder of a note to institute more than one suit thereon is, that he "shall not, at the same term of court, institute more than one suit on such note."

The appellee and Boynton were severally liable to the appellants, for the amount of the note in suit. The facts alleged in the second paragraph of the appellee's answer, in relation to the judgment recovered by the appellants against Boynton for the amount of the note, and to the solvency of Boynton, and that the judgment against him might be collected on execution, certainly do not constitute any defence whatever to the appellants' cause of action against the appellee. "It is not the recovery of the judgment alone which constitutes a bar to an action against another of the parties severally liable on the same

cause of action, but it is the recovery of the judgment and the payment of it together, which constitute the bar. * * If there could be but one recovery, it would be in vain to say that the plaintiff might have several actions. But it is quite plain that there may be as many actions and judgments as there are parties severally liable " on the note or bill which constitutes the cause of action. *The First National Bank, etc.,* v. *The Indianapolis Piano, etc., Co.,* 45 Ind. 5.

The second paragraph of the appellee's answer did not, we think, state facts sufficient to constitute a defence to the appellants' action; and for this reason the demurrer to said paragraph ought to have been sustained.

The judgment is reversed, at the appellee's costs, and the cause is remanded with instructions to sustain the demurrer to the second paragraph of the answer, and for further proceedings in accordance with this opinion.