Carter *et al.* *v.* Zenblin, Adm'r.

CARTER ET AL. *v.* ZENBLIN, ADM'R.

PLEADING.—*Practice.*—*Joint Demurrer.*—Where a complaint states a good cause of action against any of several defendants, a joint demurrer by them, for alleged insufficiency of facts, should be overruled.

CONTRACT —*Promissory Note.*—*Agreement to Pay Grantor's Debts in Consideration of Conveyance of Real Estate.*—*Statute of Frauds.*—The payee of a promissory note may maintain an action upon a promise made by A. to the maker, to pay all the debts of the latter, in consideration of the conveyance to A., by said maker, of his real estate. Such promise is not within the statute of frauds, and A. is bound to pay the note according to the terms thereof.

DECEDENTS' ESTATES.—*Competency of Witness.*—*Administrator.*—Where A. is a party defendant, both personally and as administrator of the estate of B., and the issue in the cause is between the estate of C. as plaintiff, and the estate of B. and A. personally. as defendants, and no judgment can be rendered in the case except either for or against the estate of B , or for or against the estate of C., A. is not a competent witness, unless required to testify by the opposite party or by the court trying the cause.

SAME.—*Judgment.*—*Supreme Court.*—*Non-Available Error.*—*Practice.*—In such case, the failure of the court to render judgment against A. as administrator, although such judgment would have been proper, is not available in the Supreme Court to reverse a judgment properly rendered against A. personally, particularly when no motion for judgment against A., as administrator, and no objection to the judgment as rendered, were made.

EVIDENCE.—*Order of Admission.*—*Discretion of Court.*—*Practice.*—It is within the sound discretion of the court to admit evidence in chief, to sustain the action, after the defendant has closed his defence, when the de-

fendant still has an opportunity to contradict it ; and such discretion will have to be greatly strained before it will become ground to reverse the judgment.

SAME.—*Promissory Note.—Release of Maker.— Subsequent Admission of Liability.*—Where a witness for the defence, in a suit upon a promissory note, testifies that the payee of the note, the plaintiff's decedent, had released the defendant. one of the makers, from the payment of a note other than the one in suit, and that the note in suit was mentioned in the conversation relative to the release, the testimony of a witness for the plaintiff, showing that such maker, after the death of the payee, admitted the validity of both notes and said he would pay them, is properly admissible.

SAME.—*Must be Valuable Consideration for Release.*—An agreement on the part of the payee of a promissory note, to release the maker from such note, is not binding and will not release such maker, unless the payee receives a valuable consideration for the release.

From the Madison Circuit Court.

*H. D. Thompson, J. W. Sansberry* and *E. B. Goodykoontz,* for appellants.

*C. L. Henry* and *W. S. Diven,* for appellee.

BIDDLE, J.—The complaint of the appellee, administrator of the estate of Manly Richards, against the appellants, avers the following facts, pleaded in due form :

" That, on the 10th day of August, 1874, Thomas M. Carter and Wesley S. Carter made their promissory note, payable to Manly Richards twelve months after date, for two hundred and fifty dollars, without relief from valuation or appraisement laws, with interest at ten per cent. till paid; that, on the —— day of September, 1875, Thomas M. Carter sold and conveyed to Joseph J. Carter and Thomas E. Carter certain real estate, in consideration of which Joseph J. and Thomas E. agreed with Thomas M. Carter to pay all the indebtedness of Thomas M., a part of which was the said note, which was given by the makers as a part of the unpaid purchase-money for certain described lands sold and conveyed by the payee to the makers, who sold and conveyed the same to John R. Baston, who at the time had full knowledge of the note, and that

it was given in part consideration for said lands; that one thousand dollars due from Baston to Thomas M. and Wesley S. still remains unpaid; which real estate Baston still owns; and that Thomas M. and Wesley S. have no property subject to execution."

Prayer for judgment against Thomas M., Wesley S., Joseph J. and Thomas E. Carter, for three hundred dollars, balance due on the note; that it be declared a lien on the land, etc.

There was a second paragraph of complaint, which was subsequently dismissed, leaving the above first paragraph the only complaint in the record. All the defendants except Wesley S. Carter demurred jointly to the complaint, for want of facts. Joseph J. Carter demurred separately to the complaint, for want of facts as to him. These demurrers were overruled.

As no question is presented on the several answers and replies, we do not state them. Thomas E. Carter died during the pendency of the suit, and Joseph J. Carter was appointed the administrator of his estate, and as such was admitted as a party defendant.

Trial by jury; verdict against Thomas M. Carter and Joseph J. Carter, who moved for a new trial, which was overruled. Judgment on the verdict, and appeal.

The first five assignments of error in this court question the sufficiency of the complaint, and may all be considered together.

The argument made against the complaint, on behalf of the defendants jointly, is, that it does not contain facts sufficient to constitute a cause of action against them all jointly. The joint demurrer does not reach this question: for, if it contain a good cause of action against any one of the joint defendants, it should be overruled. There can be no doubt that it contains a good cause of action against the makers of the note, and, therefore, it was properly over-

ruled. The argument against the complaint, on the separate demurrer of Joseph J. Carter, is, that the facts averred do not constitute a cause of action against him separately. We think it does. It alleges an agreement made by him with the makers of the note, on a sufficient consideration, to pay the note to the payee, whose estate the appellee is administering. Such a promise for the benefit of a third person authorizes him to maintain an action upon it. This doctrine is well settled. *Helms* v. *Kearns*, 40 Ind. 124; *Miller* v. *Billingsly*, 41 Ind. 489 ; *McDill* v. *Gunn*, 43 Ind. 315 ; *Haggerty* v. *Johnston*, 48 Ind. 41 ; *Crim* v. *Fitch*, 53 Ind. 214 ; *Whitesell* v. *Heiney*, 58 Ind. 108 ; *Loeb* v. *Weis*, 64 Ind. 285. As to joint and separate demurrers, see *Berkshire* v. *Shultz*, 25 Ind. 523 ; *Betson* v. *The State, ex rel.*, 47 Ind. 54 ; *Durham* v. *Bischof*, 47 Ind. 211 ; *Wilkerson* v. *Rust*, 57 Ind. 172 ; *The South Side Planing Mill Association* v. *The Cutler & Savidge Lumber Co.*, 64 Ind. 560.

1. It is contended by appellant that Joseph J. Carter, whose testimony was rejected by the court, was a competent witness on his own behalf as to the contract between him and Thomas M. Carter. It does not appear to us that the court erred in rejecting the testimony of Joseph J. Carter. He was a party defendant in person and as administrator of the estate of Thomas E. Carter. The plaintiff was the administrator of the estate of Manly Richards. The issue was between the estate of Manly Richards as plaintiff, and the estate of Thomas E. Carter and Joseph J. Carter, personally, as defendants. No judgment could be rendered in the case, except either for or against the estate of Manly Richards, or for or against the estate of Thomas E. Carter. Joseph J. Carter was, therefore, an incompetent witness on two grounds; and as he was not required to testify by the opposite party, nor by the court trying the cause, the ruling below is correct. *Malady* v. *McEnary*, 30 Ind. 273 ; *Peacock* v. *Albin*, 39 Ind. 25 ; *Wil-*

*liams* v. *Allen*, 40 Ind. 295 ; *Jenks* v. *Opp*, 43 Ind. 108 ; *Hoadley* v. *Hadley*, 48 Ind. 452 ; *Modlin* v. *The North-Western Turnpike Co.*, 48 Ind. 492.

2. The admission of the testimony of Mary J. Carter, as rebutting evidence, is complained of by the appellants, on the ground that, if admissible at all, it should have been introduced in chief; but the bill of exceptions shows that the testimony of Mary J. Carter was in response to the testimony of Rebecca Carter, touching an alleged release, called out by the appellant in his defence. This being the case, the testimony was properly admitted. Besides, William Carter was allowed to testify in rebuttal, without objection, to the same conversation testified to by Mary J. in rebuttal. There is no error in these rulings. It should be remarked, too, that it is within the sound discretion of the court to admit evidence to sustain the action in chief, after the defendant has closed his defence, when the defendant still has an opportunity to contradict it; and such discretion would have to be greatly strained before it would become ground to reverse the judgment.

3. It is also insisted by the appellant that the evidence is insufficient to sustain the verdict, because it shows by the testimony of Rebecca Carter that Manly Richards, in his lifetime, for a valuable consideration, released Thomas M. Carter from the payment of the note. We do not read the testimony of Rebecca Carter in that light. Her testimony as to a release, whatever it might prove, was in reference to a note for five hundred and fifty dollars, and not to the note in suit, although that was mentioned in the same connection ; besides, the testimony of Mary J. Carter shows that Thomas M. Carter, after the death of Manly Richards, admitted the validity of both notes, and said that he would pay them. This would contradict the fact that he had been released on either note. We can not

disturb the verdict for the want of evidence to support it. The evidence appears to us to be sufficient.

4. The court instructed the jury that "An agreement on the part of Manly Richards to release Thomas M. Carter from the note in suit would not be binding, and would not release him, unless Manly Richards received a consideration or a compensation for so doing." This instruction is correct, as stating a legal principle. Besides, when we look into the evidence and see that the alleged release, if any was ever made, was by parol and without any consideration, it is very clear that the appellant has not been injured by the instruction.

4. The court refused a certain instruction asked by the appellants. We need not set out this instruction; for, if the one above noticed was properly given, it can not be contended that the other was improperly refused.

6. The appellant insists that the promise of Joseph J. Carter is within the statute of frauds. We have frequently, in such cases, decided otherwise. See the authorities, *supra.*

7. It is also complained of as erroneous, that the court did not render judgment against Joseph J. Carter, as the administrator of the estate of Thomas E. Carter. Perhaps such a judgment might have been properly rendered by the court in the case; but we can not see what ground that affords to reverse a judgment, properly rendered, against Joseph J. Carter personally; and surely Joseph J. Carter can not complain, as administrator, because there is no judgment against him as such administrator. Nor is there any ground for Thomas M. Carter, he being a maker of the note, to complain of the judgment. Besides, we do not find in the record any motion for such judgment, nor any objection or exception to the judgment as it is rendered.

8. The judgment is rendered according to the terms of

the note, without relief from valuation or appraisement laws. This is proper. Thomas M. Carter is a maker of the note, and Joseph J. Carter undertook to pay the same note to the payee, as part of the consideration for the land he bought of Thomas M. Carter, and is bound to pay it according to the terms of the note. This question was settled in the case of *The South Side Planing Mill Ass'n* v. *The Cutler & Savidge Lumber Co.*, cited above.

We have thus examined the questions presented by the record and discussed by the parties in their briefs, and find no error.

The judgment is affirmed, at the costs of the appellants.