## HARDING *v.* MANSUR and Another.

An affidavit for an appeal from the judgment of a justice of the peace in a suit upon a forfeited delivery bond, must show, by a statement of facts, that the party has merits in the appeal.

*Quære*, as to facts that might be sufficient.

A party will not be allowed to amend his affidavit, in such a case, in the appellate Court.

APPEAL from the *Marion* Court of Common Pleas.

PERKINS, J.—Suit upon a forfeited delivery bond. The suit was commenced and prosecuted to judgment before a justice of the peace.

Nov. Term,
1859.

HARDING
v.
MANSUR.

The summons in the case was issued on the 14th of *August*, 1857, and was returnable on the 22d of the same month. On that day, both the plaintiffs and defendant appeared, and the cause was continued to the 29th of *August*. On that day the parties again appeared, and the defendant made certain motions touching the cause of action, &c., which were overruled, the cause was tried, and judgment rendered for the plaintiffs.

It should be observed that the delivery bond was not signed by the execution-defendant, but only by his surety. No motion for a new trial was made before the justice. On the 20th of *September*, 1857, *Noah Harding*, agent for *Elizabeth Harding*, the surety in the delivery bond, and the judgment-defendant, in the suit upon it before the justice, appeared, prayed an appeal, and made oath that said *Elizabeth Harding*, "the defendant, has merits in the aforesaid appeal, and further saith not." [Signed] "*Noah Harding*."

On this affidavit, accompanied by a bond, the justice allowed an appeal to the Common Pleas. In that Court, the plaintiffs moved that the defendant's appeal be dismissed on account of the insufficiency of the affidavit on which it was granted, and the motion was sustained.

The defendant's attorney then asked leave to file, in the Common Pleas, an amended affidavit for an appeal. This the Court refused, and the defendant appealed to the Supreme Court.

Three questions arise—

1. Was the affidavit filed for an appeal sufficient?

2. If not, might it have been amended in the Common Pleas?

3. If the affidavit was there amendable, was the amendment offered sufficient?

1. The statute provides that in suits on delivery bonds, no appeal shall be allowed a defendant from a judgment before a justice, "unless he show, by affidavit, that he has merits in such appeal." 2 R. S. p. 468, § 90.

The affidavit must show, under this statute, the merits in the appeal; it will not be enough that it asserts that a

party has merits, it must show them; that is, set out the facts, constituting the merits, in the affidavit. This was not done in the affidavit filed in this case, and it was insufficient, therefore, to authorize an appeal.

2. On the second point, it is the opinion of the Court that, in cases of this kind, the affidavit cannot be amended on appeal. A good affidavit must be filed within thirty days after judgment.

3. As to whether that offered was sufficient. It stated facts tending to make out a defense to the suit upon the bond; but it did not state any excuse for failing to set up those facts, in defense of that suit, before the justice, nor any excuse for failing to make them the ground of a motion for a new trial. Now, it could hardly be said that a party who voluntarily neglected to bring forward an existing defense to a suit, in the first instance, and voluntarily neglected to make it a ground for a motion for a new trial, could have much merits in an application for an appeal to another tribunal to obtain a further trial in which he still might not bring forward his alleged defense, but would postpone, for a long time, the payment of the demand against him. Such a practice would scarcely be in harmony with the spirit and intention of the statute in relation to appeals in suits upon delivery bonds. It would but encourage tricks for delay. What is said on this third point is the view of one of the judges only.

It is doubted if the motion for leave to amend was not made too late, being after judgment of dismissal.

*Per Curiam.*—The judgment is affirmed with 10 per cent. damages and costs.

*J. Milner*, for the appellant.

*W. Wallace* and *B. F. Harrison*, for the appellees.