JULIAN v. BEAL.

SHERIFF'S SALE.—FAILURE OF TITLE.—Where the judgment defendant has no title whatever in the lands sold at sheriff's sale, there is no consideration for the promise of the purchaser to pay the purchase money, and where a bid is made under a mistake of fact in this respect, the bidder is not bound to complete the purchase. If the purchase money has been paid, he may recover it back from the judgment defendant.

JUDGMENT.—LIEN ON EQUITY OF REDEMPTION.—The equity of redemption of a judgment defendant in real estate is subject to the lien of a judgment rendered against him in the Circuit or Common Pleas Court of the county in which the land is situated.

SAME.—TRANSCRIPT OF JUDGMENT.—A certified transcript of a judgment filed in the office of the clerk of the Circuit or Common Pleas Court is a lien upon all of the real estate, (including an equity of redemption,) of the judgment defendant, within such county, from the time of filing.

EQUITY OF REDEMPTION.—A purchaser at a sheriff's sale of the equity of redemption succeeds to the rights of the judgment plaintiff, and may redeem as against a prior incumbrancer, before foreclosure and sale, although he, or the judgment plaintiff, may have been a party to the suit for foreclosure.

APPEAL from the *Madison* Circuit Court.

GREGORY, C. J.—Suit by *Julian* against *Beal.* The complaint avers that on the 3d of *July*, 1855, *Torrey* recovered a judgment in the *Wayne* Common Pleas against *Epperly* and *Hollingsworth* for $267 32, and costs, which judgment, on the 22d of *January*, 1856, *Torrey* assigned to the plaintiff; that on the 8th of *April*, 1864, the judgment remaining wholly unpaid and in full force, the plaintiff caused an execution to be issued thereon by the clerk of the *Wayne* Common Pleas Court, which was directed to and placed in the hands of the sheriff of *Madison* county, and by virtue of which the sheriff, on the 18th of *April*, 1864, levied on certain real estate, describing it, situated in the latter county, which was duly advertised and sold to the defendant on the 25th of *June*, 1864, for $430; that the sheriff made and tendered

Julian *v.* Beal.

a deed to the defendant, at the time, and demanded of him the money, which he refused to pay.

The defendant answered, admitting the sale, but averring that neither *Epperly* nor *Hollingsworth* had before said sale, or at the time thereof, any right, title or interest in or to the said real estate, of which fact the defendant, at the time, was ignorant. The plaintiff demurred to the answer, and the demurrer was overruled by the court. The plaintiff replied, 1. General denial. 2. That on the 10th of *February*, 1855, *Epperly* and *Hollingsworth* were the owners of the land in fee simple, by deed of general warranty from *Douglas;* that on the 15th of the same month *Epperly* and *Hollingsworth* executed a mortgage to *Miller* and *Brown* upon the said real estate; that on the 27th of *February*, 1856, the plaintiff filed in the clerk's office a transcript of the judgment upon which the execution issued, and caused it to be duly recorded upon the records of the Court of Common Pleas of said county of *Madison*, in order to acquire a lien upon said real estate, whereby the judgment did then and there become such lien in favor of the plaintiff, which lien remained in full force up to the date of the sale of the lands to the defendant; that afterwards *Miller* and *Brown* commenced an action of foreclosure in the *Madison* Circuit Court, making no parties thereto except *Epperly* and *Hollingsworth*, the mortgagors, and not making the plaintiff a party. The defendant demurred to the reply. The demurrer was sustained and final judgment given for the defendant.

The errors complained of are, 1. The overruling of the demurrer to the defendant's answer. 2. The sustaining of the demurrer to the plaintiff's reply.

The question argued by counsel for the appellee, "Can a junior incumbrancer, after a sale on foreclosure by a senior mortgagee, in a proceeding to which the junior incumbrancer is not a party, and a conveyance under that sale, redeem the incumbered property?" does not arise in the case in judgment. The reply, to which a demurrer was

sustained, does not show either a decree, sale or conveyance upon the mortgage; it only avers that *Miller* and *Brown* had commenced an action of foreclosure, to which the plaintiff was not a party.

The court below committed no error in overruling the demurrer to the answer. When the judgment defendant has no title whatever in the lands sold at sheriff's sale, there is no consideration for the promise of the purchaser to pay the purchase money, and where a bid is made under a mistake of fact in this respect, the bidder is not bound to complete his purchase; but if he should pay the purchase money, he may recover it back from the judgment defendant whose debt was thereby paid.

The equity of redemption of a judgment defendant in real estate is subject to the lien of a judgment rendered against him in the Circuit or Common Pleas Court of the county in which the lands are situated. 2 G. & H., §§ 526, 527, pp. 263, 264. And a certified transcript of such judgment filed in the office of the clerk of any Circuit or Common Pleas Court, according as the same may have been rendered, is a lien upon all the real estate, (including an equity of redemption,) of the judgment debtor situated in the county where filed, from the time of filing. 2 G. & H., § 528, p. 265.

A purchaser at sheriff's sale of the equity of redemption succeeds to the rights of the judgment plaintiff secured by the lien of the judgment, and may redeem as against a prior incumbrancer, before foreclosure and sale, although he, or the judgment plaintiff, may have been a party to the suit for such foreclosure. But after a foreclosure and sale in a proceeding in which the judgment plaintiff, before sale under his judgment, is not a party, the right to redeem becomes a question that might be controlled by the equities of the case, and as that question is not now before us we give no opinion.

The demurrer of the defendant was to the reply, including the general denial, and the court erred in sustaining it.

But we think the second paragraph of the reply, as it now stands, contains facts sufficient to avoid the answer.

The judgment is reversed, with costs, and the cause remanded to said court, with directions to overrule the demurrer to the reply, and for further proceedings.

*J. Davis* and *J. B. Julian*, for appellant.

*W. R. Pierse* and *H. D. Thompson*, for appellee.