## Maghee *v.* Collins.

JUDGMENT.—REVIEW OF.—Where judgment is taken upon a promissory note against one of two joint makers, and the suit is dismissed as to the other, and afterwards, by agreement of the parties, the judgment is reversed upon a bill of review, for errors appearing in the record, the judgment is not a bar to another action upon the note against both of the makers.

APPEAL from the *Greene* Circuit Court.

FRAZER, J.—This was an action by the appellant, who sues as the surviving partner of *J. H. Maghee & Co.*, against the appellee and *John W. Collins,* upon a promissory note alleged to have been made by them as partners, and which is signed *E. & J. W. Collins*, and which is, in form, their joint note. The complaint is in the usual form.

*Elisha Collins* answered in three paragraphs, the third of which only need be noticed. In this paragraph, it is alleged that the appellant and his partner had sued *Elisha* and *John W. Collins* in the *Greene* Common Pleas, upon the same note; that at the *July* term, 1860, of said court, they took judgment by default against *John W. Collins*, for the amount of the note, and dismissed their action as to *Elisha;* that said judgment remained in force until enjoined by the court, by agreement of the appellants. The record of the former action is made an exhibit to this paragraph, and sustains the material allegations thereof, but contains nothing showing an injunction by agreement.

The third paragraph of the reply is directed to the third paragraph of the answer, and charges that after the rendition of the judgment against *John W. Collins*, by default, and the dismissal of the action against *Elisha,* as alleged in the third paragraph of the answer, *John W.* filed his complaint in the Common Pleas Court against the plaintiffs in that action, to have the judgment by default reviewed and set aside, for error appearing upon the record; that afterwards, upon the hearing of the cause, the judgment against

*John W. Collins* was set aside. The record in the proceedings for review is made an exhibit to this paragraph of the reply, and sustains its allegations.

To this paragraph, a demurrer assigning for cause want of sufficient facts was sustained, and the appellant excepted, and declining to plead over, final judgment was rendered against him in favor of *Elisha*, and *John W.* not having been served, the suit as to him was dismissed.

The only errors assigned, are the sustaining· of the demurrer to the third paragraph of the plaintiff's reply, and the rendition of the final judgment against the plaintiff in favor of *Elisha Collins.*

A single question is presented by the error assigned upon the action of the court below in sustaining the demurrer to the reply. The reply averred that the judgment was set aside upon a complaint for review, on· account of error appearing upon the record, and this appearing distinctly by the copy of the record of the review case filed with the.reply, is inconsistent with the fact that the judgment remains in force, and is therefore a denial thereof. It appears, however, that the judgment of reversal in the review case was rendered by agreement of the present appellant and *John W. Collins*, and upon confession of the errors relied on; but it cannot be maintained that the reversal has any other or less effect, than if it had occurred after an earnest struggle to prevent it; nor is it at all contended that opposition by the appellants could have prevented such reversal. Indeed, if · the errors assigned in the complaint for review did appear upon the record, and it is not apparent that they did not, a reversal was inevitable, and a confession of the errors was the shortest and best way by which the present appellant could reach a final trial of the cause.

After a judgment has been reversed, it can have no force for any purpose. It no longer binds either of the parties to it. It will not bar another suit for the same cause of action against the party who was defendant to it, and surely no principle of justice requires that it should be deemed a bar in

favor of a stranger, jointly liable with him originally. If there be a rule of law to that effect, it is therefore wholly technical and arbitrary, and without any support in sound reason or good morals. In a well considered brief, the counsel for the appellee admit that they have not been able to find any authority in point, after a careful examination of the books. We think it will not be possible to find an adjudicated case anywhere sustaining the doctrine, and that no court, having adequate opportunity for that full deliberation which is not always attainable at *nisi prius,* will be desirous of originating the novelty.

The case of a release to one of two joint debtors, afterwards surrendered, is mentioned as analogous to this case; also the giving of a bond by one of two joint makers of a promissory note. But we do not think that those are like this case. The release extinguishes the indebtedness, and a new obligation to pay cannot arise without a contract. The judgment against one, or even against both, does not extinguish the indebtedness, but merely changes its form into a contract of record to pay the very same debt. The valid bond of one of two joint debtors by simple contract discharges the other from the obligation of the simple contract, because thereby the suit on the simple contract against the one who executes the bond is barred by the acceptance of the bond, and a well settled rule of the law discharges the other, also, from the contract into which he entered, for the reason that there is no longer any joint obligation. *Ward* v. *Johnson,* 13 Mass. 148; *Robertson* v. *Smith,* 18 Johns. 459; *Woodworth* v. *Spaffords,* 2 McLean, 168. And, of course, anything which will avoid the action as to one, will have the same effect as to the other. A valid subsisting judgment against one, merges his original contract in the judgment, and as the plaintiff, by taking the judgment, has put it out of his power to prove a subsisting joint contract, he cannot recover against the other. But in the case before us, the judgment, having been reversed, is as if it had never been. There is no judgment. There is now simply the

cause pending against him; his original contract is not merged, but still subsists in full force as to him, and the reason for discharging his co-obligor does not exist. While the judgment remained, the right of action against the co-obligor was suspended, merely, not extinguished.

The judgment is reversed, with costs, and the cause remanded, with directions to overrule the demurrer to the third paragraph of the reply.

*A. Iglehart*, for appellant.

*W. Mack, G. W. Collings* and *S. W. Holmes*, for appellee.