Baker *v.* Chandler *et al.*

---

## BAKER *v.* CHANDLER ET AL.

JUDGMENT.—*Lien of.*—*Real Estate in Another County.*—*Fraud.*—A judgment rendered by the circuit court is not a lien on lands of the judgment defendant situated in another county; and it does not constitute a fraud upon the judgment plaintiff for the judgment defendant to convey such lands to a third person after the rendition of the judgment.

From the Shelby Circuit Court.

*K. M. Hord* and *A. Blair*, for appellant.

BIDDLE, C. J.—The appellant's complaint below avers, that on the 2d day of August, 1871, he purchased from John J. Baker, for the consideration of one thousand dollars—all of which, except one hundred dollars, was paid—the undivided fifth part of certain lands (describing them), situated in

Shelby county, for which John J. Baker and his wife made their proper deed of conveyance, which was duly recorded; that on the 24th day of February, 1871, Thomas E. Chandler and Franklin Taylor had recovered judgment in the Hancock Circuit Court, against said John J. Baker and Adam T. Brown, for the sum of eight hundred and twenty-two dollars and sixty-eight cents; that on the 28th day of October, 1872, Chandler and Taylor caused execution to be issued out of the Hancock Circuit Court upon said judgment, directed to Howard Lee, sheriff of Shelby county, commanding him to levy, etc.; that on the 2d day of January, 1873, said sheriff, by virtue of said execution, 'levied on said real estate as the property of said John J. Baker, advertised, and is about to sell the same accordingly; that the purchase of said land was made in good faith, for a fair cash value.

Prayer for a restraining order.

The answers were: 1. General denial by Chandler and Taylor. 2. Special answer by all the defendants. To this paragraph a demurrer was filed for want of sufficient facts, and sustained, but no question upon this ruling is saved in the record. 3. General denial by Lee. 4. An amended second paragraph of answer in the following words: "For second paragraph of answer, these defendants say that on the 24th day of February, 1871, the defendants Chandler and Taylor recovered judgment in the Hancock Circuit Court, in and for the county of Hancock, State of Indiana, for the sum of eight hundred and sixty dollars and fifty-seven cents, principal and interest and costs of suit, against John J. Baker and Adam T. Brown; that execution was duly issued on said judgment to the sheriff of Shelby county, Indiana, on the 28th day of October, 1872, and placed in the hands of said sheriff to be executed; and that the said sheriff, on the —— day of ——, levied upon the lands described in the complaint, to satisfy said judgment."

To this amended second paragraph a demurrer was filed, alleging the insufficiency of the facts stated as cause. The

demurrer was overruled, and exception taken.    Reply, general denial.

The cause was submitted to the court for trial upon these issues.    The court found against the appellant, declared the conveyance fraudulent as against Chandler and Taylor, and denied the restraining order.    Exceptions and appeal.

Amongst other errors, it is assigned,

1. That the court erred in overruling appellant's demurrer to amended second paragraph of answer.

We can find no ground upon which the sufficiency of this paragraph can be upheld.    The judgment set out was a lien only on lands in Hancock county.    2 G. & H. 264, sec. 527. *Rourke* v. *Rourke*, 8 Ind. 427; *Fletcher* v. *Holmes*, 25 Ind. 458.    There is no allegation that a transcript of the judgment had been filed in the county of Shelby.    2 G. & H. 265, sec. 528.    *Rourke* v. *Rourke, supra; Julian* v. *Beal*, 26 Ind. 220.

The facts alleged do not constitute a fraud in law, and no fraud in fact is averred.    Fraud must be alleged; it is never presumed.    It is unnecessary to cite authorities in support of this fixed principle.    There is no case made to reach the unpaid purchase-money.    We think the court erred in overruling the demurrer to the amended second paragraph of answer.

The judgment is reversed, and the cause remanded, with instructions to sustain the demurrer to the amended second paragraph of answer, grant leave to the parties to amend, and for further proceedings in accordance with this opinion.