Smith v. Scott.

No. 10,027.

SMITH v. SCOTT.

ATTACHMENT.—*Delivery or Restitution Bond.*—*Statute Construed.*—A bond in attachment, conditioned for the delivery to the constable of the property attached or the payment of the appraised value thereof, is a bond under section 168 of the code of 1852 (sec. 924, R. S. 1881), and can not, by averment, be brought under section 172 (sec. 928, R. S. 1881). *Dunn* v. *Crocker*, 22 Ind. 324, doubted.

SAME.—*Judgment.*—*Sale of Attached Property.*—Upon an attachment bond, given under section 168 of the code, 1852 (sec. 924, R. S. 1881), there is no liability, unless in the action in which it was given a judgment has been rendered for the sale of the attached property, and without such judgment (in a case before a justice of the peace), a writ for the sale of the property is unauthorized.

SAME.—*Personal Judgment.*—*Dismissal of Attachment.*—The rendition of a personal judgment alone, against the defendant in an attachment suit, is equivalent to a dismissal of the proceedings in attachment.

PRACTICE.—*Justice of Peace.*—*Appeal.*—*Dismissal.*—A suit commenced before a justice of the peace and appealed to the circuit court may be dismissed because the complaint does not state facts sufficient.

SAME.—*Action on Delivery Bond.*—*Appeal.*—*Affidavit.*—*Case Criticised.*—The intimation in *Harding* v. *Mansur*, 13 Ind. 454, that, in order to show merits in an appeal from a justice of the peace, the affidavit required by section 90 of the justice's act (sec. 1516, R. S. 1881) must show an effort to use the facts stated as a defence and as ground for a new trial before the justice, disapproved.

From the Delaware Circuit Court.

*G. H. Koons*, for appellant.

*C. E. Shipley*, for appellee.

WOODS, C. J.—This action was commenced before a justice

of the peace, who gave judgment for the plaintiff, the appellant here. The appellee appealed to the circuit court, which overruled a motion of the plaintiff to dismiss the appeal, and sustained a motion of the defendant to dismiss the action. These rulings are now brought in question.

The complaint before the justice was in one paragraph, based upon the following undertaking:

"JARIUS SMITH  }  Before Isaiah Gayman, J. P.
*vs.*  }  of Harrison Township, etc.
SARAH A. CAMPBELL.  }

"The following property, to wit:" (description omitted) "having been attached in this action, in the hands of———, by William R. Holt, constable, on order of attachment issued by said justice, dated September 13th, 1880, and now redelivered to him, we bind ourselves to the plaintiff Jarius Smith, that said property shall be properly kept and taken care of, and the same, or so much thereof as shall be required to be sold on execution to satisfy any judgment that may be recovered against the defendant in said action, shall be delivered to said constable on demand, or that said defendant shall pay the appraised value of said property to the amount of said judgment and costs. [Signed]    LEE SCOTT."

It is alleged in the paragraph that the property was attached and appraised at a sum named, and that, upon the execution of this bond to the approval of the constable, that officer redelivered the property to the defendant in the action, Sarah A. Campbell, "against whom the plaintiff, on the 25th day of September, 1880, obtained judgment for $80.50, together with costs of suit, a copy of which judgment is filed with and made a part of the complaint; that, on said day, the justice issued and delivered to said constable an order for the sale of said property, or enough thereof to satisfy the judgment; but the defendant, on demand by the constable, refused to give the property, or to pay the appraised value, or any part thereof."

Counsel for the appellant concedes that this paragraph is

predicated on the theory that the bond was given under the 168th section of the code of 1852 (R. S. 1881, sec. 924), but insists that, upon the facts averred in the second paragraph, which was filed by leave of the circuit court, pending the motion of the appellee to dismiss the action, it must be regarded as given under section 172 (R. S. 1881, sec. 928). The averments relied upon to support this proposition are to the effect that at the time the property was seized the attachment defendant was about to remove from the State, intending to take the property with her to the State of Missouri, whither she was going, and that, in order to enable her to regain possession of the property, the appellee, being indebted to her in a sum sufficient to make him secure, executed the undertaking; that said Sarah Campbell did remove from the State, taking the property with her, and leaving nothing subject to execution on said judgment, which she did not perform nor replevy, and has not paid. In other respects the allegations of this paragraph are not substantially different from those of the first.

The terms of the bond in suit are such, in our judgment, as to put it beyond dispute that it was given under section 168 and not under section 172. The case of *Dunn* v. *Crocker*, 22 Ind. 324, if itself well decided, is distinguishable in this, that there was no appraisement of the property attached in that instance, and so it may have been doubtful whether, under section 168, aided by section 790, the bond could have been enforced; but there is no such difficulty in the case before us. Section 168 requires a bond conditioned "that such property shall be be properly kept and taken care of, and shall be delivered to the sheriff" (constable) "on demand, or so much thereof as may be required to be sold on execution to satisfy any judgment which may be recovered against him in the action, or that he will pay the appraised value of the property, not exceeding the amount of the judgment and costs." And where a bond is drawn, so plainly as is the one in suit, for the purpose of complying with and taking advantage of this section

of the statute, we deem it incompetent to show by parol or by averment *aliunde,* that it was designed to operate under another provision so widely different as is section 172, which contemplates an entire release of the property and discharge of the attachment proceedings, and requires simply an undertaking " that the defendant will appear to the action, and will perform the judgment of the court."

Under section 790, defects and omissions in a bond may be supplied, and even the language of the obligation controlled and modified, to accomplish the purpose of its execution ; but where, as in this instance, it was competent for the party to elect between two courses, that is to say, to give a bond under section 168, or to give one under section 172, and the bond given by its terms plainly indicates the choice, it is not for the court to force upon the party or his surety a different liability.

The undertaking being treated as given under section 168, it is plain that neither paragraph of the complaint states a cause of action, and for that reason, the suit having been commenced before a justice of the peace, it was not improper for the court to sustain the motion to dismiss. Upon such an undertaking, it is settled that there is no liability, unless in the action in which it was executed a judgment has been rendered for the sale of the attached property. So it was held, upon full consideration, in *Gass* v. *Williams,* 46 Ind. 253.

Each paragraph of the complaint shows that the plaintiff recovered a personal judgment, but not that a judgment in attachment was rendered ; and the presumption against the pleader is that such judgment was not rendered ; or, to say the least, there is no presumption in the pleader's favor in this respect. The transcript of the judgment filed with the complaint is no part of the pleading, but it may be observed that it shows only a personal judgment. The alligation that the justice of the peace, on the day of the rendition of the judgment, issued to the constable an order for the sale of the at-

tached property, does not alter the case. Without a judgment in attachment he had no right to issue such an order.

The rendering of a personal judgment alone was equivalent to a dismissal or discharge of the proceedings in attachment. *Lowry* v. *McGee*, 75 Ind. 508, and cases cited.

The appellant's motion in the circuit court to dismiss the appeal from the justice of the peace was on the ground that the affidavit filed by the appellee at the time of taking the appeal was defective, because it did not show merits, and because it did not show an excuse for failing to set up the facts stated in the affidavit as a defence to the action before the justice of the peace, or as ground for a new trial in that court.

Section 90 of the act concerning the jurisdiction of justices of the peace (2 R. S. 1876, p. 634; R. S. 1881, sec. 1576) provides that "No appeal shall be allowed the defendant from a judgment before a justice on a delivery bond, unless he show, by affidavit, that he has merits in such appeal."

Assuming, without deciding, that an affidavit was necessary in this case, we find that the affidavit filed was sufficient. It shows that the bond was executed under the 168th section, *supra*—a fact shown by the complaint—and that the attachment suit in which it was executed ended in a personal judgment only. This is enough to show merit in the appeal, and nothing more is required.

There is an intimation in the opinion in *Harding* v. *Mansur*, 13 Ind. 454, that, in order to show merits in an appeal from a justice, it is necessary to show an effort to use the facts as a defence on the trial before the justice, and as ground for a new trial, or an excuse for the failure; but, so far as we know, such has not been the commonly accepted view of the practice, and the suggestion does not meet our approval.

Judgment affirmed.