No. 38.

## MARTIN v. BAUGH.

PROMISSORY NOTE.—*Joint Makers.—Judgment Against One.—Release of the Other.*—Where a judgment is rendered on a joint promissory note against one of two joint obligors, the other is thereby absolutely discharged, unless the plaintiff, in some legal way, saves his right to pursue the other also.

SAME.—*Vacation of Judgment.—Revival of Liability.*—But if such judgment is afterward set aside and vacated, the liability of both obligors is revived.

JUDGMENT.—*Merger of Cause of Action.*—Whether or not a cause of action is merged in a judgment depends on the question whether there is or is not a valid judgment. If the judgment is ineffective, or *coram non judice*, or is reversed, or set aside, there can be no merger.

From the Tippecanoe Superior Court.

*E. A. Greenlee,* for appellant.

*J. F. McHugh,* for appellee.

REINHARD, J.—This was an action by the appellant against the appellee and one Reuben R. Miller, on a joint promissory note, executed by them to the appellant. The defendants, in the court below, were duly served with process. Baugh, the appellee, appeared and was ruled to answer; and on the same day Miller suffered judgment to go against him by default. Subsequently the appellee filed an answer, and at the same time filed his affidavit for a change of venue from the county. The change was granted, and the appellee was given time to perfect the same, but this was never done. The cause was continued from the May term until the September term, 1888; and on the third day of the latter term Miller, the appellee's co-defendant, filed a written motion to set aside the default and judgment rendered against him at the previous term, alleging, without designating in what particular, that the proceedings and judgment of the court were "irregular and contrary to law." This motion was, by the court, sustained, and the default and

judgment against Miller set aside, and Miller was ruled to answer. At the same time the appellee, Baugh, was granted leave to file an additional paragraph of answer, and thereupon filed his plea of *puis darrein continuance.* In this pleading he set out the rendition of the judgment against the joint obligor, Miller, and claimed that the note, being a joint obligation, and judgment having been taken upon the same against one of the makers, was merged in the judgment, and that the other obligor, Baugh, was thereby discharged. To this paragraph of the answer the appellant filed a demurrer, which was, by the court, overruled and an exception reserved by appellant.

Appellant then filed a reply, in two paragraphs, the first being the general denial, and the second special matters setting out at length the facts already stated in this opinion in reference to the rendition and subsequent vacation of said judgment. To this paragraph of the reply a demurrer was sustained by the court, and exceptions taken by the appellant. The court thereupon rendered judgment against the appellant.

A motion for a new trial was made, and overruled, and the appellant again saved his exceptions.

The assignment of errors calls in question the correctness of the rulings of the court :

*First.* In overruling the appellant's demurrer to the third paragraph of the answer.

*Second.* In sustaining the appellee's demurrer to the special paragraph of the reply ; and,

*Third.* In overruling the appellant's motion for a new trial.

As the appellant has not argued the question made upon the third assignment, it may be regarded as waived.

The questions presented by the record for our decision, therefore, are these :

*First.* When judgment is rendered on a joint promissory note against one of two joint obligors, is the other thereby

absolutely discharged unless the plaintiff, in some legal way, saves his right to pursue the other also ?

*Second.* If so, and if such judgment is afterward set aside and vacated, does this revive the liability of both obligors?

In our view of the case both these questions must be answered in the affirmative.

It is a well-settled rule of the common law that a judgment recovered against one of two joint debtors is a bar to an action against the other, or to an action against both. 1 Parsons Contracts (5th ed.), p. 12, note (c) ; 2 Daniel Neg. Inst., sec. 1296, and notes.

Our statute, section 320, R. S. 1881, does not change the common law rule. *Archer* v. *Heiman,* 21 Ind. 29 ; *Erwin* v. *Scotten,* 40 Ind. 389 ; *Robinson* v. *Snyder,* 74 Ind. 110 ; *Kennard* v. *Carter,* 64 Ind. 31 ; *Cox* v. *Maddux,* 72 Ind. 206 ; *Richardson* v. *Jones,* 58 Ind. 240.

Other cases might be cited, but the above will be sufficient.

Section 321 of the statutes applies to cases where some of the defendants were not summoned, and did not appear. It does not apply to a case like this.

We think, also, that where a judgment has been taken against one of two joint obligors on a promissory note, and afterwards the judgment is reversed, or set aside, the judgment is not a bar to another action upon the note. *Maghee* v. *Collins,* 27 Ind. 83 ; *Clodfelter* v. *Hulett,* 92 Ind. 426. See, also, *Lawrence* v. *Sample,* 97 Ind. 53.

The appellee's contention is that, as the note was merged in the judgment against Miller, the entire indebtedness became thereby extinguished, so far as Baugh was concerned, and that he was absolutely discharged. " His rights became fixed," says appellee's counsel in his brief, " and no subsequent act of either Miller or the appellant could revive the liability."

As we understand the reasoning of the court in *Maghee* v.

*Collins, supra,* this point has been expressly decided otherwise. Says the court in that case:

"After a judgment has been reversed, it can have no force for any purpose. It no longer binds either of the parties to it. It will not bar another suit for the same cause of action against the party who was defendant to it, and surely no principle of justice requires that it should be deemed a bar in favor of a stranger, jointly liable with him originally. If there be a rule of law to that effect, it is, therefore, wholly technical and arbitrary, and without any support in sound reason or good morals. In a well-considered brief, the counsel for the appellee admit that they have not been able to find any authority in point, after a careful examination of the books. We think it will not be possible to find an adjudicated case anywhere sustaining the doctrine, and that no court having adequate opportunity for that full deliberation which is not always attainable at *nisi prius,* will be desirous of originating the novelty. * * * The judgment against one, or even against both, does not extinguish the indebtedness, but merely changes its form into a contract of record to pay the very same debt. * * * A valid subsisting judgment against one, merges his original contract in the judgment, and as the plaintiff, by taking the judgment, has put it out of his power to prove a subsisting joint contract, he can not recover against the other. But in the case before us, the judgment, having been reversed, is as if it had never been. There is no judgment. There is now simply the cause pending against him; his original contract is not merged, but still subsists in full force as to him, and the reason for discharging his co-obligor does not exist. While the judgment remained, the right of action against the co-obligor was suspended, merely, not extinguished."

We are in full accord with the views expressed in the opinion from which we have quoted. We have been referred to no rule of law, and certainly there can be no principle of justice, equity, or good conscience, which supports the

doctrine contended for by the appellee. If a reversed, or vacated, judgment is a bar to a suit against one not a party to it, why is it not a bar also to any future proceeding against the judgment defendant himself? If by the mere act of the court, in rendering a judgment against one of two or more joint makers of a note given for a joint debt, the note and debt become forever merged in the judgment, and cease to have any further separate existence, why will not such a judgment, though reversed and set aside, be a perpetual bar to the collection of the note, or debt, from either, or all, of the joint debtors, or contractors?

Whether there is, or is not, a merger, always depends upon the question whether there is, or is not, a valid judgment. If the judgment is ineffective, or *coram non judice*, or is reversed, or set aside, there can be no merger of the cause of action ; or if there has been one, it ceases. Freeman Judgments, section 218, and authorities cited.

We are clearly of the opinion that the paragraph of the reply to which the court sustained a demurrer was good, and that, for this error, the judgment of the lower court must be reversed.

Judgment reversed, with costs, and the cause remanded, with instructions to the court below to overrule the demurrer, and for further proceedings not inconsistent with this opinion.

Filed March 31, 1891.