Filed April 4, 1894.

———————◆———————

No. 16,691.

THOMAS ET AL. *v.* JOHNSON.

JUDGMENT.—*How May Become a Lien on Land Situate in Another County.—Attachment.— Transcript.—Release.*—A judgment can only become a lien on lands of the judgment defendant, situate in a county other than the one in which the judgment is rendered, by virtue of an attachment of the same, or by the filing of a transcript of the judgment in such other county before the judgment defendant has conveyed away his interest therein. And where lands of the judgment defendant, including lands in another county, were attached, and the judgment ordered the sale of certain of the attached lands, not including the land in such other county, the judgment was, in effect, a release of the lien of the writ of attachment upon the lands in such other county.

SAME.—*Conveyance by Judgment Defendant.— Preferring Creditor.— Fraud.*—In such case, where the judgment defendant conveyed the land in such other county, in part payment of a *bona fide* debt, before the filing of a transcript of judgment, such conveyance did not constitute legal fraud, as the debtor had the right to prefer one creditor to another.

From the Starke Circuit Court.

*A. J. Gould,* for appellants.

*H. R. Robbins* and *H. A. Woodworth,* for appellee.

HOWARD, C. J.—The facts in this case, as found by the court, are as follows:

1. On the 13th day of September, 1883, James R. Johnson recovered judgment, in the Pulaski Circuit Court, against John A. Taylor, for three thousand dol-

lars, with an order in attachment for the sale of certain described real estate in Starke county, owned by said Taylor.

2. Said judgment was rendered in an action for damages brought by Johnson against Taylor on account of assault and battery alleged to have been committed by Taylor on Johnson. The judgment remains unpaid, except the sum of $1,735 realized from the sale of said attached real estate, besides $85 realized from the sale of personal property. A transcript of the judgment was filed in the office of the clerk of the Starke Circuit Court on the 12th day of March, 1885.

3. On the 15th day of September, 1883, the said John A. Taylor was, and for more than one year prior thereto had been, the owner of the land in controversy, to wit, lots 4 and 7, in block 2, in Roose's addition to the town of Hamlet, in Starke county, Indiana, of the value of $500. On said 15th day of September, 1883, the said Taylor was indebted to the appellant Lyman F. Thomas in the sum of $564; and, on said day, at the request of said appellant, and for the purpose of paying and satisfying $500 of said indebtedness, and for the further and fraudulent purpose of preventing the said James R. Johnson from collecting his said judgment, the said Taylor, his wife joining with him, conveyed said lots, by general warranty deed, with a consideration expressed therein of five hundred dollars, to the appellant Mary M. Thomas, daughter of the said John A. Taylor and wife of the said Lyman F. Thomas. The said John A. Taylor, at the time he made said conveyance, was not, nor has he at any time since been, the owner of any property, except the property attached, subject to execution, or from which said judgment or any part thereof might have been paid. The appellant Mary M. Thomas received and accepted said conveyance with full knowl-

edge of the existence of said judgment, and with full knowledge of the fraudulent purpose of the said John A. Taylor, and for the purpose of aiding and assisting him in carrying out his said fraudulent scheme of cheating and defrauding the said James R. Johnson.

4. Since the rendition of said judgment, and before the commencement of this suit, James R. Johnson died, intestate, leaving the appellee, his widow, as his sole heir at law.

As conclusions of law, the court found said conveyance of said lots 4 and 7 by said Taylor and wife to the appellant Mary M. Thomas, to be fraudulent and void as against the appellee Mary E. Johnson, and that the same should be set aside as to the undivided two-thirds thereof, and the said two-thirds subjected to the payment of said judgment.

The conclusions of law are assigned as the only error.

The land in controversy is situated in the county of Starke, while the judgment was rendered in the Pulaski Circuit Court. The judgment could, therefore, become a lien on the land in Starke county only by virtue of the attachment, or by the filing of a transcript in the Starke Circuit Court before the making of the conveyance by Taylor, the judgment defendant. Sections 608, 610, 611, R. S. 1881; *Baker* v. *Chandler*, 51 Ind. 85.

The judgment was rendered September 13, 1883, in the Pulaski Circuit Court. On September 15, 1883, the conveyance of the Starke county land was made to Mary M. Thomas from Taylor, the judgment defendant. The transcript of the judgment was not filed in Starke county until the 12th day of March, 1885. It is clear that this filing of the transcript came too late to make the judgment a lien upon any land in Starke county, which had been conveyed before such filing, and which, conse-

quently, was not then owned by the judgment defendant.

It remains, then, to consider whether the Pulaski judgment became a lien on the Starke county land by virtue of the attachment proceedings.

The writ of attachment was a lien upon all the lands of the defendant situated in Starke county from the time it was placed in the hands of the sheriff of that county. Section 922, R. S. 1881; *Lowry* v. *Howard*, 35 Ind. 170; *Fee* v. *Moore*, 74 Ind. 319.

The lien created by the issuance of this writ is, however, in a sense, inchoate, and becomes perfected only in the final judgment. The lien may also be lost by the failure to make a levy. *Moore* v. *Fitz*, 15 Ind. 43.

The attachment is in aid of the judgment, and is intended only to keep the property in the jurisdiction of the court, until the judgment upon the merits of the case is finally rendered. We must look to the judgment, therefore, to learn what property is finally affected by the attachment. In case a personal judgment only is taken, and no order is made as to sale of attached property, there is a release of the lien of the attachment. *Lowry* v. *McGee*, 75 Ind. 508; *Smith* v. *Scott*, 86 Ind. 346; *Wright, Exr.*, v. *Manns*, 111 Ind. 422.

In the case at bar, there was a judgment for three thousand dollars, with an order for the sale of certain described real estate which had been attached. This real estate did not include the lots in controversy. It follows that the judgment was in effect a release of the lien of the writ upon the lots in question.

The court finds that Taylor was indebted to the appellants in a greater amount than the value of the lots. He was also indebted to James R. Johnson on the judgment. We have seen that at the time of the conveyance this judgment was not a lien on the land conveyed. Taylor

was indebted to both parties.  Was it a fraud upon the appellee for Taylor to pay the appellants, debt rather than the appellee's?  We think not.  The property is found by the court to have been worth less than either debt.  Both were *bona fide* debts, and Taylor might honestly prefer one creditor to the other.  *Cushman* v. *Gephart*, 97 Ind. 46; *Dice* v. *Irvin*, 110 Ind. 561; *Owens* v. *Clark*, 78 Tex. 547.

Although the court makes a finding, therefore, that the conveyance was fraudulent, yet since the facts found show that there was no legal fraud, we must hold the finding of fraud as a mere conclusion, and not a fact. The conveyance was made in part payment of a *bona fide* debt, greater in amount than the value of the land conveyed.

Had appellee levied the writ of attachment upon the land in question, and had there been a special order in the judgment for the sale of this land as attached under the writ, then the conveyance made by the judgment defendant would have been void.  The land not having been included in the judgment and writ of attachment, however, the sale by the judgment defendant was not invalid, as being a preference of one creditor to another.

The judgment is reversed, with directions to the court to restate its conclusions of law in accordance with this opinion, and to render judgment in favor of appellants.

Filed March 14, 1894.