The Capital City Dairy Company *v.* Plummer *et al.*

---

THE CAPITAL CITY DAIRY COMPANY *v.* PLUMMER ET AL.

[No. 2,190. Filed March 17, 1898. Rehearing denied June 15, 1898.]

APPEAL AND ERROR.—*Longhand Manuscript of Evidence.—How Made Part of Record.*—In order that the original longhand manuscript of the evidence be made part of the record without being copied by the clerk, it must be filed in the clerk's office before being incorporated in the bill of exceptions. *pp. 415, 416.*

ATTACHMENT.—*Personal Judgment.— Abandonment of Attachment Proceedings.*—The rendition of a personal judgment in an attach-

The Capital City Dairy Company *v.* Plummer *et al.*

ment proceeding without adjudication of the issue in attachment amounts to an abandonment of the attachment proceeding, and the judgment stands as though no attachment had been commenced. *pp. 416-417.*

JUDGMENT.—*Joint Obligors.—Common Law Rule Not Changed.*—The common law rule that a judgment recovered against one of two joint debtors is a bar to an action against the other is not changed by sections 322, 323, Burns' R. S. 1894. *pp. 417, 418.*

JUDGMENT.—*Joint Obligors.*—Where the holder of a joint note sues a part of the joint obligors, and takes a judgment against them, the judgment merges the obligation, and bars a subsequent action against the other joint obligors; but by proceeding under section 322, Burns' R. S. 1894, he may take judgment against those served, and suggest upon the record the return of "Not found" as to those not summoned, and then by proceeding under section 323, Burns' R. S. 1894, he may have the joint obligors not found bound by the judgment in the same manner as if they had all been before the court originally. *pp. 417-422.*

From the Marion Superior Court. *Affirmed.*

*F. W. Cady, T. E. Steele* and *Elliott & Elliott,* for appellant.

*George W. Spahr Gay R. Estabrook* and *Hez., Dailey,* for appellees.

HENLEY, J.—This was an action on two promissory notes and an account, brought by appellant against appellees, as partners, doing business under the name and style of "The Fulton Fish Market." With the complaint appellant also filed an affidavit in attachment, alleging as a cause for attachment, that appellees Alice Evans and Venning P. Evans are each nonresidents of the State of Indiana. The complaint avers that the indebtedness sued upon is the joint debt of all of the defendants, and this allegation is consistent with the language of the notes made part of the complaint.

Summons was issued for appellees, and a writ of attachment issued and levied upon the property held in the name of the Fulton Fish Market. The property

levied upon being perishable, was sold at public auction under interlocutory orders of the court and the proceeds of the sales were deposited with the clerk. The moneys arising from the sale and so deposited amounted to about $1,000. Afterward, on the 14th day of March, 1895, and before any of the other parties made defendants to the action had appeared and answered, the appellee Long confessed judgment as a joint debtor in favor of appellant for $1,199.08, which was the amount of the debt with interest and costs. Out of the judgment against Long the principal controversy in this cause arises. The entry of judgment in the lower court was in the following language: "Comes now the plaintiff, by its attorneys, and comes also Charles R. A. Long, one of the defendants herein, as one of the partners and joint debtors of said defendant, and files his written confession of judgment herein, as such defendant and partner and joint debtor of said Fulton Fish Market Company, for the sum of $1,199.08, with costs, and his affidavit that said debt sued on is just and owing from the defendant, Fulton Fish Market Company, to the plaintiff, the Capital City Dairy Company, and that said confession is not made for the purpose of defrauding his creditors or the creditors of said defendant, Fulton Fish Market Company, and the plaintiff having consented in writing to the rendition of judgment rendered; and it appearing to the satisfaction of the court that the debt sued for herein, and for which said confession of judgment was made as aforesaid, was and is the debt of defendant, Fulton Fish Market Company, for the payment of which said Charles R. A. Long is jointly liable with other defendants herein, not now before the court, as a partner in said Fulton Fish Market Company, the defendant, and that said debt is a debt upon contract. "The court finds that the plaintiff is entitled to have

judgment for the sum of $1,199.08, together with costs, against said Charles R. A. Long, as such joint debtor, and to have such judgment enforced against the separate property of said defendant, Charles R. A. Long and the joint property of said defendant Long and his joint debtors, as the partners of the said Fulton Fish Market Company, which is within the jurisdiction and subject to the order of the court: It is therefore ordered and decreed by the court that the plaintiff, the Capital City Dairy Company, recover judgment herein of and from the defendant Charles R. A. Long, as a joint debtor with other defendants in this action, as the partners of the defendant, Fulton Fish Market Company, said defendant Long being jointly liable therefor with other defendants herein, for the sum of $1,199.08, together with all costs herein laid out and expended by the plaintiff, taxed at —— dollars and — cents, and said cause is now continued as to the other defendants herein, Hiram Plummer, Venning P. Evans and Alice Evans, until Saturday, the 16th day of March, 1895, at 9 o'clock a. m. All of which is ordered, adjudged and decreed by the court."

Afterward, and at the next term of the court, the appellees other than Long appeared and filed separate answers to the complaint and affidavit in attachment. The second paragraph of the answer of Venning P. Evans was assailed by demurrer in the lower court. The demurrer was overruled, and the ruling of the lower court is assigned as error by appellant. The second paragraph of the answer of said Evans is in the following words: "For a further answer in this behalf to the complaint and affidavit in attachment, this defendant says that the said plaintiff ought not to maintain this action against him, and said attachment proceedings ought not to be sustained, for that he says the plaintiff has sued this defendant and the defend-

ants Long, Plummer and Alice Evans as upon a joint obligation against all of them, and not otherwise, and that in the prosecution of this action, heretofore, to wit, at the March term, 1895, of this court, in room 3, thereof, where it was then pending, this plaintiff took a personal judgment against the defendant Charles R. A. Long alone, upon the obligation sued on, and failed and did not have an adjudication of the attachment proceedings herein, but on the contrary, continued said cause as to the other defendants, and said cause has been continued from term to term since that time, without any judgment being rendered against this defendant, or any adjudication had of the attachment proceedings in the action. Wherefore, this defendant says that by the action of the plaintiff, the cause of action mentioned in the complaint, and declared upon in this action by plaintiff was and is merged in said judgment, and said attachment proceedings cannot now be adjudicated upon, but should be dismissed, and to that end he prays judgment for costs and all proper relief."

Upon all the issues joined, there was a trial by the court, and a finding and judgment in favor of all the appellees except Long. The finding and judgment of the lower court was in the following words: "And now comes the plaintiff, by F. W. Cady its attorney, also come the defendants Hiram Plummer, Alice Evans and Venning P. Evans, by Hez. Dailey, their attorney, and the court being sufficiently advised in the premises, finds for the above named defendants, to wit, Hiram Plummer, Alice Evans and Venning P. Evans, and that the plaintiff is not entitled to recover in this action against them, but they are entitled to recover from the plaintiff their costs in this action laid out and expended.

"The court further finds that the attachment in this

cause should not be sustained, but that the same should be dissolved, and that said defendants should recover of the plaintiff all costs connected with or occasioned by said attachment proceedings, including all costs of garnishment proceedings.

"And the court further finds that the property levied upon by the writ of attachment herein, was, at the time of said levy, the individual property of the defendant, Venning P. Evans, and that the money now in the hands of the clerk of this court, being the proceeds arising from the sale of said property under the interlocutory orders of this court, was and now is the individual property of the defendant Venning P. Evans, and that he is entitled to the same, and to an order of this court directing the clerk to turn the same over to him or his attorney of record in this cause, discharged of any and all claims of the plaintiff under and by virtue of said writ of attachment, and that the said defendant, Venning P. Evans is entitled to recover his costs made on account of his cross-complaint herein. Lawson M. Harvey, Judge." "And afterwards, to wit, on the 21st day of June, 1895, being the 17th judicial day of the June term, 1895, of said court, before the same honorable judge, the following proceedings were had herein: Come now the defendants Hiram Plummer, Alice Evans and Venning P. Evans, by Hez. Dailey, their attorney, and move the court for judgment on the findings in their favor heretofore made and entered in this cause, and the court, being sufficiently advised, sustains said motion.

"It is therefore considered and adjudged by the court, that the plaintiff take nothing by this its action against the defendants Hiram Plummer, Alice Evans and Venning P. Evans, and that they (said defendants) have and recover of and from the plaintiff their costs in this cause, laid out and expended, taxed at

—— dollars. It is further adjudged by the court, that the attachment and garnishment proceedings herein be, and the same are hereby not sustained, but are wholly dissolved, and that the said defendants have and recover of and from the said plaintiff all costs occasioned by said attachment and garnishment proceedings, taxed at —— dollars. It is further considered and adjudged by the court, that the property levied upon and under and by virtue of the writ of attachment issued in this cause, at the time of said levy, and the proceeds arising from the sale thereof under the interlocutory orders of this court, were the individual property of the defendant Venning P. Evans, and that the money now on deposit with the clerk of this court,—the proceeds of said sale—was and now is the individual property of the said defendant Venning P. Evans, as alleged in his cross-complaint, and the clerk of this court is hereby ordered and directed to turn the same over to said Evans or his attorney of record in this cause, fully discharged of any claim of the plaintiff under and by virtue of said writ of attachment, and the said Venning P. Evans have and recover of and from the plaintiff herein all costs occasioned by said levy and sale of said property under and by virtue of said writ of attachment, all of which is finally adjudged by the court,— to all of which the plaintiff, at the time, excepts. Lawson M. Harvey, Judge."

Appellant moved for a new trial, which motion was overruled, and this ruling of the court is also assigned as error. Before passing upon the alleged error of the lower court in overruling the demurrer to the second paragraph of the separate answer of Venning P. Evans, we will dispose of the questions arising under the motion for a new trial and all other alleged errors of the lower court depending in any way upon

the evidence for their solution. It is not necessary
that we cite the long line of authorities in this court,
and the Supreme Court of this State, holding that the
longhand manuscript of the evidence must be filed in
the clerk's office before being incorporated in the bill
of exceptions, where the appellant desires the original
evidence as transcribed by the official reporter to be
made a part of the bill of exceptions without being
re-copied by the clerk. After the longhand manu-
script has been filed with the clerk, it may then be in-
corporated in a proper bill of exceptions, and after
being so incorporated, it is ready to be presented to
the trial judge for his signature and approval. It then
becomes a bill of exceptions and must be filed in the
clerk's office, and can then properly become a part of
the record in the cause. This was the procedure
which under the decisions of this State, must be
strictly followed. The act of March 8, 1897, has
changed this somewhat, but it is not applicable to this
cause, as the record herein was filed in this court on
the 23rd day of June, 1896. The certificate of the
clerk in this cause shows that the longhand manu-
script of the official stenographer's report of the evi-
dence was filed in the clerk's office on the 22nd day of
May, 1896, also that the bill of exceptions which con-
tained said longhand manuscript, was filed on the
22nd day of May, 1896. Now it is certified by the trial
judge as follows: "And be it further remembered,
that on the 20th day of May, 1896, and within
the time allowed by the court so to do, the said
plaintiff came and presented to the judge of said
court, this, its bill of exceptions, in said cause,
containing the sworn shorthand reporter's original
longhand manuscript of his verbatim shorthand
notes of the evidence given and delivered in the
cause, including questions and answers, the ob-

jections of counsel, and the rulings of the court in respect to the admission and rejection of evidence, and the exceptions thereto, and all proceedings upon the trial of said cause, and asked the court to sign and seal the same, and certify that it contains a full, true, complete and impartial transcript and report of all evidence given and introduced, and of all of the proceedings had on the trial of said cause, and make it a part of the record thereof, which is now accordingly done (said bill of exceptions having been examined and found to be true) this 22nd day of May, 1896, and within the time allowed by the court therefor. Lawson M. Harvey, Judge Marion Superior Court." Thus it will be seen that the longhand transcript of the evidence as made by the official reporter, was incorporated in the bill of exceptions on the 20th day of May, 1896, when presented to the judge for signature, and it also affirmatively appears from the record that it was not filed in the clerk's office until two days later. The evidence is not in the record and cannot be considered.

The demurrer to the second paragraph of the separate answer of Venning P. Evans, and the demurrer to the second paragraph of the joint answer of Hiram Plummer and Alice Evans, presented to the lower court the same question. The overruling of these demurrers by the lower court therefore presents the same question here upon appeal, and we will consider the two specifications of assignment of error which present this question together. It is contended by appellant's counsel that the answers assume to answer both the complaint and the affidavit in attachment, and that even if it were conceded that they do answer the complaint, they do not answer the affidavit in attachment. We think that if the answers are good as against the complaint in this cause, there would be

no necessity for an answer to the affidavit in attachment. The answers set up a judgment against one of the joint debtors, such a judgment which if good as an answer to the complaint herein, would dissolve the attachment. It has been held by the courts of this State that in proceedings for attachment, an issue is presented and if there is no adjudication of that issue, and a personal judgment alone is taken, it is an abandonment of the attachment lien, and the judgment stands as though no attachment had been commenced. *Lowry* v. *McGee,* 75 Ind. 508; *Thomas* v. *Johnson,* 137 Ind. 244; *Smith* v. *Scott,* 86 Ind. 346; *Sannes* v. *Ross,* 105 Ind. 558; *United States Mortgage Co.* v. *Henderson,* 111 Ind. 24.

If the facts stated in the answer are true,—and they are admitted by the demurrer,—the taking of the personal judgment against Long, without an adjudication of the issue presented by the affidavit in attachment, under the authorities above cited, dissolved the attachment, and the answer setting up such facts presented a complete defense to the affidavit in attachment. We have heretofore set out in this opinion the separate answer of Venning P. Evans in full. Does it state facts sufficient to constitute a defense to plaintiff's complaint?

The statutes discussed by counsel in this cause are sections 322, 323, Burns' R. S. 1894, and are as follows: Section 322. "Where the action is against two or more defendants, and the summons is served on one or more, but not all of them, the plaintiff may proceed as follows: *First.* If the action be against defendants jointly indebted on contract, he may proceed against the defendant served; and if he recover judgment it may be enforced against the joint property of all and the separate property of the defendant served. *Sec-*

*ond.* If the action be against defendants severally liable, he may proceed against the defendants served in the same manner as if they were the only defendants, and may afterward proceed against those not served. *Third.* If all the defendants have been served, judgment may be taken against any or either of them severally, when the plaintiff would be entitled to judgment against such defendant or defendants, if the action had been against them, or any of them alone." Section 323. "In all cases where judgment has heretofore been, or shall hereafter be, recovered against one or more persons jointly liable on contract, but such judgment has been, or shall be, rendered only against part of the persons liable, for the reason that the others were not summoned and did not appear, the plaintiff may proceed against those not summoned and who did not appear, in the same manner as if they were alone liable, but the complaint must allege the facts aforesaid."

The common law rule that a judgment recovered against one of two joint debtors is a bar to an action against the other or to an action against both is the law now existing in this State, and section 322, *supra,* does not change the common law rule. *Archer* v. *Heiman*, 21 Ind. 29; *Erwin* v. *Scotten*, 40 Ind. 389; *Martin* v. *Baugh*, 1 Ind. App. 20.

But it has been held that a judgment taken against one or two joint obligors on a promissory note, which is afterward reversed or set aside, is not a bar to another action upon the note. *Maghee* v. *Collins*, 27 Ind. 83; *Martin* v. *Baugh, supra; Heckemann* v. *Young*, 134 N. Y. 170, 31 N. E. 513.

It cannot be said that appellant did not have the right to take a judgment against appellee Long alone, and we think he had a right to take it in the manner and form in which it was so taken. See section 322,

*supra.* But appellant must abide by the legal consequences of that judgment, which was final so far as the present action is concerned, and if appellant desired to subject the appellees other than Long to this judgment, an ample remedy, in derogation of the common law rule, was provided by section 323, *supra.* The case of *Erwin* v. *Scotten, supra,* covers every point in this case arising upon the construction of the statute above set out, and in our opinion, decides every point discussed adversely to appellant. The language of Buskirk, J., in delivering the opinion of the court, is clear and forcible, and leaves no room for doubt as to the meaning of the court, and after quoting the sections of the statute above referred to, he says: "Nor has the above section of the code changed the rule as it existed at common law, that a suit against one joint promisor and a judgment against him upon a joint obligation is a bar to a suit subsequently brought upon such obligation against another joint promisor, for the note is merged in the judgment.

"Under the second clause of the said section, the obligation being several, separate judgments may be taken against the defendants. Judgment may be taken against those served, in the same manner as if they were the only defendants, and the plaintiff may afterwards proceed against those not served. Where the liability is several, there may be as many separate judgments as there are persons liable, but the payment of one judgment will amount to the payment and satisfaction of the principal and interest of all the other judgments.

"Nor does the first clause of the above section contemplate that, after the plaintiff has taken judgment against the joint makers, who are served, he may have process issued against those not served, and when such new process has been served, take another judg-

ment upon such joint obligation. There can be but one judgment rendered on a joint obligation. The joint obligation can not be changed into a several obligation. When a note is several, or joint and several, each of the makers is severally liable, and separate judgments may be taken against each maker, and one may be compelled to pay the whole amount, and be driven to his action against the others for contribution. The makers of a joint note are jointly liable, and the joint property of all and the separate property of each may be sold, but their joint liability cannot be converted into a several liability, as would be the case if separate judgments should be rendered on a joint note. It should be observed that the first clause of said section does not provide any remedy against those not served, while it is provided in the second clause that where the defendants are severally liable, the plaintiff may proceed against those served, in the same manner as if they were the only defendants, and may afterward proceed against those not served. When the liability is several, the plaintiff may sue part or all of the makers, and may take judgment against part or all, at his option. This is provided for in the third clause of said section. That clause provides, that, 'if all the defendants have been served, judgment may be taken against any or either of them severally, when the plaintiff would be entitled to judgment against such defendant or defendants, if the action had been against them or any of them alone.' The plain and obvious meaning of the third clause is, that when the plaintiff may sue a part or all of the makers, he may take judgment against either or all of the defendants, and this can only be done when the liability is several, or joint and several. When the liability is several, or joint and several, the plaintiff may take judgment against those served, and

have entered on record a suggestion of 'not found' as
to those not served, and may continue the cause as to
them for process, and may, at a subsequent term, take
a separate judgment against them, or he may dismiss
the action as to any of the defendants, whether served
or not served, and afterward may commence another
action against them and take another judgment
against them. This is provided for by section 42 of
the code.

"But no such remedy has been provided where the
liability is joint only. Section 641 of the code has pro-
vided another and different remedy, and one that is
in entire harmony with the first clause of section 41
of the code. Section 641 reads as follows: 'When a
judgment shall be recovered against one or more per-
sons jointly indebted upon contract as provided in sec-
tion 41, those who were not originally summoned to
answer the complaint may be summoned to show
cause why they should not be bound by the judgment
in the same manner as if they had been originally
summoned.' 2 G. & H., p. 297."

We have been unable to find any decision in this
State which doubted or criticised the law as above
laid down, but on the contrary the case of *Erwin* v.
*Scotten, surpa*, has been cited with approval often by
the Supreme Court and by this court. Sections 322
and 323, *supra*, of the statutes furnish a complete
remedy, when construed together, against those
jointly indebted, without changing the joint liability
of the makers, and if the holder of a joint note sues a
part of the joint obligors and takes a judgment
against them, the judgment merges the obligation,
and bars a subsequent action against the other joint
obligors, but by proceeding under section 322 he may
take his judgment against those served and suggest
upon the record the return of "not found" as to those

not summoned, and then by the proper proceeding un-
der section 323 he may have the joint obligors "not
found" bound by the judgment in the same manner
as if they had all been before the court originally. We
are satisfied that the court did not err in overruling
the demurrers to the separate answer of Venning P.
Evans, and the joint answer of Hiram Plummer and
Alice Evans. We have carefully considered all the
questions argued by appellant's counsel, and presented
by the record, and find no error for which the judg-
ment should be reversed. Judgment affirmed.